## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| **LEXIE HANDLEY,** | |
| **Plaintiffs,** | **CIVIL ACTION FILE NO.**<br>**1:20-CV-00235** |
| **v.** | |
| **WERNER ENTERPRISES, INC.**<br>**and ACE AMERICAN INS. CO.,** | **REMOVED FROM SUPERIOR**<br>**COURT OF CLINCH COUNTY,**<br>**CIVIL ACTION FILE NO.**<br>**20CV-116** |
| **Defendants.** | |

## DEFENDANT WERNER ENTERPRISE, INC.'S
## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

TO: The Honorable Judges of the United States District Court for the Middle District of Georgia, Valdosta Division:

COMES NOW, **WERNER ENTERPRISES, INC.**, Defendant in the above-styled matter (hereinafter "Defendant"), and files the following Notice of Removal to United States District Court, showing the Court as follows:

1.     This civil action was filed on October 9, 2020 in the Superior Court of Clinch County, State of Georgia. That action is designated there as Civil Action File No. 20CV-116. Defendant Werner was served on October 19, 2020. This notice of removal is timely filed.

2.      Defendant files herewith a copy of all process, pleadings, and orders received by Defendant in Civil Action File No. 20CV-116, pursuant to 28 USC §1446.

3.      This Defendant is now, was at the commencement of Civil Action File No. 20CV-116, and at all times since has been an entity organized and existing under the laws of the State of Nebraska.

4.      Defendant's Principal Office at the time of filing of Civil Action File No. 20CV-116, and at all times since has been located in Omaha, Nebraska.

5.      Defendant Ace American Ins. Co.'s was at the commencement of Civil Action File No. 20CV-116, and at all times since has been an entity organized and existing under the laws of the Commonwealth of Pennsylvania.

6.      Defendant Ace American Ins. Co.'s Principal Office was at the commencement of Civil Action File No. 20CV-116, and at all times since has been located in the Commonwealth of Pennsylvania.

7.      Upon information and belief, Plaintiff is a citizen of and individual residing in the State of Georgia. (Pl.'s Compl., ¶ 1).

8.      The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendant pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same State,

and Plaintiffs are seeking an amount in excess of $75,000.00, therefore the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

a. In Plaintiff's Complaint, she alleges that she was "badly injured" and she believes "these injuries will continue well into the future and be permanent in nature." (Pl.'s Compl. ¶ 9). Furthermore, Plaintiff claims Defendants are liable for Plaintiff's medical and hospital bills, lost wages, physical and mental pain and suffering, and permanent impairment. (Pl.'s Compl. ¶ 10).

b. According to the police report for this accident, Plaintiff was airlifted from the scene to UF Health Shands Hospital due to the severity of her injuries. (*See* Police Report, marked as Exhibit "A").

c. Plaintiff has not specifically pled special damages pursuant to O.C.G.A. 9-11-9(g). Nevertheless, by looking at the face of the Complaint and exercising its judicial experience, the Court can determine that the amount in controversy exceeds $75,000.00. Where a plaintiff has made an unspecified demand for damages, as in this case, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001). In order to meet its burden to show by a preponderance of the evidence that the amount in

controversy exceeds $75,000.00, Defendant may rely on the allegations on the face of the Complaint and any additional information supplied. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010). "The defendant may meet its burden by establishing that it is 'facially apparent' that the claims probably exceed $75,000.00." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062-1063 (11th Cir. 2010). Here, it is apparent from the face of the Complaint and the police report that the claims more likely than not exceed $75,000.00.

9.    Defendant attaches hereto a copy of the Summons and Complaint in the Superior Court of Clinch County, State of Georgia, marked as Exhibit "B."

10.   Defendant attaches hereto a copy of Defendant's Notice of Removal, without exhibits, which has been sent for filing in the Superior Court of Clinch County, State of Georgia, marked as Exhibit "C."

11.   All Defendants agree to this removal.

WHEREFORE, this Defendant prays that the above action now pending against it in the Superior Court of Clinch County, State of Georgia, be removed to this Court.

Respectfully submitted this <u>13th</u> day of November, 2020.

[SIGNATURE PAGE FOLLOWS]

**HALL BOOTH SMITH, P.C.**

*/s/ Daniell R. Fink*
_____
SEAN B. COX
Georgia State Bar No. 664108
DANIELL R. FINK
Georgia State Bar No. 540374
*Attorneys for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
scox@hallboothsmith.com
**DEFENDANT DEMANDS**
**TRIAL BY JURY**

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**LEXIE HANDLEY,**

    **Plaintiffs,**

v.

**WERNER ENTERPRISES, INC.
and ACE AMERICAN INS. CO.,**

    **Defendants.**

**CIVIL ACTION FILE NO.
1:20-CV-00235**

**REMOVED FROM SUPERIOR
COURT OF CLINCH COUNTY,
CIVIL ACTION FILE NO.
20CV-116**

## CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT WERNER ENTERPRISES, INC.'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Brent J. Savage
Savage, Turner, Durham, Pinckney & Savage
Post Office Box 10600
Savannah, Georgia 31412
bsavage@savagelawfirm.net

Berrien Sutton
172 West Dame Avenue
Homerville, Georgia 31634
berrien@suttonlawllc.com

This 13th day of November, 2020.

**HALL BOOTH SMITH, P.C.**

*/s/ Daniell R. Fink*
SEAN B. COX
Georgia State Bar No. 664108
DANIELL R. FINK
Georgia State Bar No. 540374
*Attorneys for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
scox@hallboothsmith.com
dfink@hallboothsmith.com