IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEXIE HANDLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 7:20-CV-00235 (WLS) |
| | : |
| WERNER ENTERPRISES, INC. and | : |
| ACE AMERICAN INS. CO., | : |
| | : |
| Defendants. | : |

**ORDER**

Before the Court is a "Motion to Compel Plaintiff's Cellular Phone Information," filed by Defendants Werner Enterprises, Inc. and Ace American Insurance Company on August 23, 2021. (Doc. 18.) Therein, Defendants argue that Plaintiff produced her severely damaged phone in discovery but that it was so damaged it had to be reconstructed. *Id.* at 5; Doc. 18-4. After it was rebuilt, Defendants were informed that a PIN was required to access the phone, and Defendants requested the PIN from Plaintiff's counsel in at least two emails. (Docs. 18-5 & 18-6.) Plaintiff's counsel provided three possible PINs, but none of them worked and Defendants have been unable to access the phone's contents. (Docs. 18-6 & 18-7.) Defendants ask that the Court compel Plaintiff to provide the correct PIN to unlock her phone so that they can discover "information central to the issues of this case – what caused the subject collision[,]" wherein Plaintiff rear-ended a Defendant's tractor-trailer allegedly without pressing her brakes. (Doc. 18 at 1-2, 6.) Plaintiff timely responded thereto (Doc. 23), and Defendants timely replied (Doc. 26). Accordingly, the motion to compel is ripe for review.

1

I.      **Compliance with the Discovery Order**

Plaintiff argues that the motion to compel should be denied because it is untimely and because Defendants failed to email the Courtroom Deputy for a conference prior to filing the motion. (Doc. 23 at 5-7.)

The initial Discovery and Scheduling Order provides that "all motions made under Rule 37 must be filed **within twenty-one days of the date on which the response(s) was due, or twenty-one days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one days after the close of discovery**, whichever first occurs." (Doc. 7 at 2.) This is known as the Court's 21/21/21 Rule, and it is strictly enforced. Defendants explain that they first learned that the PINs Plaintiff provided did not work on August 3, 2021, the same day that they emailed Plaintiff's counsel requesting the correct PIN. (Doc. 18 at 3; Doc. 18-7.) Defendants did not receive a response to their email and filed the pending motion to compel within twenty-one days of the date they learned the PINS did not work. Thus, the motion to compel is not untimely.

The initial Discovery and Scheduling Order also noted that the Parties proposed that "[s]hould a party determine that there is a basis to file a motion to compel, a request for a conference must be made by e-mail to the Courtroom Deputy." (Doc. 7 at 2 n.1.) Because this Court does not ordinarily require parties to request a conference prior to filing a motion to compel, the Court further noted that while the Parties "may agree" to email the Court for a conference, the Court's 21/21/21 Rule for filing Rule 37 motions still applies. *Id.* In other words, the Court did not require that the Parties contact the Courtroom Deputy prior to filing a motion to compel, although Defendants should have honored their agreement with Plaintiff to do so.

2

Furthermore, whether to grant a motion to compel is a matter of a district court's "broad discretion." *United States v. Cuya*, 964 F.3d 969, 970 (11th Cir. 2020). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1306-07 (11th Cir. 2011) (*Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)). Although a district court may "hold litigants to the clear terms of its scheduling orders," it has the authority to do otherwise for good cause. *Josendis*, 662 F.3d at 1307. "Moreover, discovery rulings will not be overturned 'unless it is shown that they resulted in substantial harm to the appellant's case.'" *Id.* (quoting *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003)).

Here, the record clearly indicates as follows: Defendants need a PIN to access Plaintiff's phone for their defense in this case, Defendants cannot get the PIN elsewhere, Defendants timely sought the phone and PIN during the discovery period, the day that Defendants learned the PINs did not work, they requested the correct PIN from Plaintiff's counsel but received no response, and Defendants filed the instant motion twenty days after their most recent request for the PIN, in compliance with the Court's strictly-enforced 21/21/21 Rule. Furthermore, the information sought will impose minimal burden and no harm to Plaintiff, especially where Defendants have withdrawn their request for attorneys' fees for filing this motion (Doc. 26). Under these circumstances, good cause exists to grant the motion notwithstanding Defendants' failure to schedule a conference with the Court in advance.[1]

---

[1] Alternatively, the Court could simply deny the motion to compel without prejudice and allow Defendants time to request a telephone conference with the Court or confer in good faith with Plaintiff's counsel. But that

3

## II.     Good-faith Attempt to Confer

Before filing a motion to compel, the movant must have in good faith conferred or attempted to confer with the opposing party to obtain the discovery without court action. Fed.R.Civ.P. 37(a)(1); M.D.Ga. L.R. 37. In their motion, Defendants explain that they "have made a good faith effort to obtain the requested information without involving the Court" as demonstrated by their August 3, 2021 email to Plaintiff's counsel. (Doc. 18 at 4.) Plaintiff responds that a single email is insufficient to comply with the duty to confer and that informal discussions between counsel could have been fruitful. (Doc. 23 at 8-10.)

There is no bright-line rule applicable in this Court regarding to what extent a movant must attempt to confer before filing a motion to compel. Indeed, Plaintiff cites no binding case law for her argument, and she even cites a case finding that "[n]either face-to-face nor telephone contact is necessarily essential to the 'good faith' certification requirement in every case. Sometimes letters, emails, or faxes will suffice." *Jackson v. Deen*, No. CV412-139, 2012 U.S. Dist. LEXIS 186845, at *7 (S.D. Ga. Dec. 3, 2012) (citation omitted). Furthermore, Defendants did send more than a single email; they sent several emails requesting a PIN in the months prior to filing the instant motion, including their last email to which no response was provided whatsoever, and they have still not received a working PIN. (Doc. 26 at 5; Docs. 18-5, 18-6, 18-7.) Although it is preferable for Parties to make additional efforts to attempt to confer, under these circumstances, the Court cannot find that Defendants failed to attempt to confer in good faith.[2]

---

would add more time to the clock and possibly an additional expenditure of the Court's resources, which is unnecessary where, as here, Defendants have largely complied with the rules and orders, and the discovery sought is clearly relevant and proportional to the needs of this case, and it should be produced if known.

[2] Numerous courts have reached a similar conclusion. *See, e.g., Vallery v. Brown*, No. 08cv00095 DMS(RBB), 2011 U.S. Dist. LEXIS 115888, at *19 (S.D. Cal. Oct. 6, 2011) (finding that plaintiff should have timely filed

4

### III.   Discovery Dispute

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1).

Plaintiff's sole argument against the merits of the motion to compel imply that Plaintiff may not recall her PIN. (Doc. 23 at 11-14.) She argues that a party cannot produce documents it does not have, and that Defendants find it incredulous that Plaintiff could have forgotten her PIN (Doc. 23 at 11-12)[3], and she has attached to her response an email from Plaintiff's counsel to defense counsel sent on the day the motion to compel was filed and an email thereafter providing additional possible PINs to unlock the phone. (Docs. 23-3 & 23-4.) In other words, it is clear that Plaintiff's counsel is attempting to provide the information requested in the instant motion to compel, which is further indication that the motion to compel has merit. Applying Rules 26 and 37 to this case, the discovery sought is clearly relevant and proportional to the needs of this case, considering the relevant factors, and it should be produced if known.

---

the motion to compel rather than waiting for a response to his letter attempt to confer, rendering his motion late); *Dutch Valley Growers v. Rietveld*, No. 16-2085, 2017 U.S. Dist. LEXIS 230008, at *22 (C.D. Ill. Mar. 7, 2017) (granting-in-part motion to compel where plaintiffs attempted to confer but received no response); *Lopez v. Santoyo*, No. 09cv00108 W(RBB), 2012 U.S. Dist. LEXIS 159955, at *30 (S.D. Cal. Nov. 6, 2012) (granting plaintiff's motion to compel where plaintiff had received no response to his two letters requesting the information); *Marnocha v. City of Elkhart*, No. 3:16-CV-592-PPS-JEM, 2018 U.S. Dist. LEXIS 172198, at *6 (N.D. Ind. Oct. 4, 2018) (declining to deny the motion for failure to include a Rule 37 certification where "there was at least some attempt to confer prior to filing the instant Motions").

[3] Notably, there is no sworn discovery response on record stating that Plaintiff has forgotten her PIN.

# CONCLUSION

For the foregoing reasons, Defendants' motion to compel (Doc. 18) is **GRANTED**. No attorneys' fees will be awarded given Defendants' withdrawal of that request, and the Court's finding that an award of fees would now be unjust. (Doc. 26 at 6); Fed.R.Civ.P. 37(a)(5). Plaintiff is **ORDERED** to provide the correct PIN to defense counsel to unlock the phone, to the extent that she can do so, **immediately and no later than Thursday, October 7, 2021**. Counsel for the Parties shall continue to confer and cooperate in good faith to resolve this issue.

The Court further notes that the deadline for filing dispositive motions is October 7, 2021, so a timely motion for an extension of time shall be filed if an extension is needed.

**SO ORDERED**, this 30th day of September 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

6