IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEXIE HANDLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 7:20-CV-00235 (WLS) |
| | : |
| WERNER ENTERPRISES, INC. and | : |
| ACE AMERICAN INS. CO., | : |
| | : |
| Defendants. | : |

**ORDER**

Before the Court is a "Motion to Exclude Expert Testimony of Witnesses Not Disclosed Pursuant to This Court's Order," filed by Defendant Werner Enterprises, Inc. ("Werner") on July 23, 2021. (Doc. 12.) After receiving an extension of time, Plaintiff timely responded thereto. (Doc. 16.) Werner timely replied. (Doc. 21.) Thus, the motion is ripe for review. *See* M.D. Ga. L.R. 7.3.1(a).

**I.    PROCEDURAL HISTORY**

Plaintiff initially filed this action in Clinch County Superior Court on October 9, 2020. (Doc. 1-2.) Defendants removed this action to this Court on November 13, 2020 based on diversity jurisdiction. (Doc. 1.) Plaintiff alleges that she was severely injured in an automobile accident that occurred on September 20, 2019. (Doc. 1-2 ¶ 1.) She seeks damages for medical and hospital bills, lost wages, pain and suffering, and permanent impairment. *Id.* ¶ 10.

On December 22, 2020, the Court issued an initial Scheduling and Discovery Order, setting Plaintiff's initial expert disclosure deadline as March 11, 2021 and the discovery deadline as June 9, 2021. (Doc. 7.) On March 5, 2021, the Parties filed a consent motion, which the Court granted, extending Plaintiff's expert disclosure deadline to April 26, 2021 and the discovery deadline to July 26, 2021. (Doc. 11.) The discovery deadline was again extended "for the limited purpose of deposing experts, limited additional fact witnesses, and Werner Enterprises, Inc.'s 30(b)(6) representative" to September 9, 2021. (Doc. 14.) The deadline for

1

conducting depositions was last extended through September 29, 2021 pursuant to a consent motion filed by Defendants. (Doc. 24.)

Pending now is Werner's Motion to Exclude two of Plaintiff's experts who were disclosed after the deadline for disclosure, Deputy Greg Morgan and Dr. Thomas G. Burns. (Doc. 12.) Plaintiff responds that it did not intentionally provide Dr. Burns' report late and that the failure to timely disclose Dr. Burns and his opinions is harmless. (Doc. 16.)

## II.  DISCUSSION

Courts have "broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). "'The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted).

### A. Plaintiff's Compliance with the Discovery Order

The first amended Discovery Order clearly set the expert disclosure deadlines as follows: "Plaintiff's case-in-chief – Monday, April 26, 2021; Defendant's case-in-chief – Monday, May 24, 2021; Supplemental expert reports – Monday, July 5, 2021." (Doc. 11.) Plaintiff, however, first disclosed Deputy Morgan as an expert on June 23, 2021 and Dr. Burns as an expert on July 2, 2021, purportedly supplementing her initial disclosures. (Docs. 12-3, 12-4, and 12-5.) Thus, these disclosures— to the extent they are not actually supplemental[1]— are untimely, and the Court must determine whether exclusion is appropriate.

---

[1] Certainly as to Dr. Burns, Plaintiff has made no showing that her untimely disclosed report was supplemental, and the Court finds that it was not a true supplement as permitted by the Rules. Fed.R.Civ.P. 26(e) ("A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response[] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. . . ."); *see also Perrigo Co. v. Merial Ltd.*, No. 1:15-cv-03674-SCJ, 2018 U.S. Dist. LEXIS 244409, at *16 (N.D. Ga. Apr. 30, 2018) ("'Rule 26(e) . . . is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy.'") (citation omitted).

2

### B. Appropriateness of a Sanction

"In determining whether the failure to disclose was justified or harmless, [courts] consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009).[2] "[T]he first and third factors, together, can outweigh the second." *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008).

As an initial matter, although Werner references the late disclosure of Deputy Morgan, Werner primarily argues for the exclusion of Dr. Burns. (*See* Docs. 12 & 16.) Indeed, Werner makes no argument as to how the untimely disclosure of Deputy Morgan has prejudiced or affected Werner in any way. Furthermore, although Plaintiff responds that she disclosed the deputy as an expert late having viewed his testimony as a hybrid of fact and expert testimony, she further states that Defendants did not previously present any challenge to the deputy in their letter asking for the withdrawal of Deputy Morgan as an expert. (Doc. 16 at 15.) Even after this response, Werner's reply brief makes no mention of Deputy Morgan. (Doc. 21.) Furthermore, it is clear to the Court that Werner's motion is untimely as to the June 23, 2021 disclosure of Deputy Morgan, as Werner's motion was filed more than twenty-one days after that date and fails to comply with the Court's strict 21-day deadline for filing Rule 37 motions. (*See* Docs. 7 at 2 & 30 at 2.) Accordingly, because Werner has effectively abandoned its motion to exclude Deputy Morgan as an expert witness[3], because no apparent prejudice would result from the deputy's inclusion, and because it is untimely, Werner's motion to exclude as to Deputy Morgan is **DENIED**.

As to neuropsychologist Dr. Burns, Plaintiff has argued that she did not intentionally withhold disclosing Dr. Burns' report sooner and that she realized that it was not delivered when she intended. (Doc. 16 at 12.) Although this explanation appears to show that Plaintiff accidentally failed to disclose the report timely, it does not establish that Plaintiff's failure was

---

[2] Plaintiff applies a five-factor test based on *Cambridge Univ. Press v. Becker*, 1:08-CV-1425-ODE, 2010 U.S. Dist.LEXIS 142236, 2010 WL 6067575 at *3 (N.D. Ga. Sept. 21, 2010) (Doc. 16), but such a test is not binding in this Court.
[3] *See United States v. Cleckler*, 265 F. App'x 850, 853 n.3 (11th Cir. 2008) (deeming defendant to have abandoned an argument where defendant made a passing reference to the issue but did not otherwise develop the argument).

3

substantially justified. *Knight v. Miami-Dade Cty.*, 856 F.3d 795, 812 (11th Cir. 2017) ("'Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.'") (citation omitted). In the Eleventh Circuit's published opinion in *Knight*, the court affirmed the exclusion of two of the plaintiffs' experts who were first disclosed on the last day of the expert disclosure period and where the deadline for such disclosure was thirty-five days earlier. *Id.* at 811. Although the discovery deadline was later extended again, the circuit court found no abuse of discretion in the trial court's conclusion that plaintiffs lacked substantial justification where their tardiness was due to the "unavailability of funds" to secure experts and the "belated realization" that they needed these experts, especially where "the plaintiffs failed to move for an extension until the deadline had already expired and did not provide any notice to the trial court that they were experiencing such difficulties." *Id.* at 12. Here, the facts are very similar, and Plaintiff has offered an even lesser explanation for her failure to timely disclose Dr. Burns, whose report was prepared months earlier, and Plaintiff has failed to move for an extension of her expert disclosure deadlines to-date. Thus, the first factor weighs in favor of exclusion.

Second, Plaintiff concedes that while most of her injuries are "easy to understand and connect to the crash," she argues that Dr. Burns' testimony is important because he is testifying about the "subtle ways in which Ms. Handley's head injury impacts her," which cannot be explained by any other witness. (Doc. 16 at 2, 11.) Werner does not dispute the importance of this testimony, and further argues that it is the gravity of this testimony that makes its untimely disclosure so prejudicial. (Doc. 21 at 6-7.) Ultimately, the Court finds that while Dr. Burns' testimony may not be necessary for this case, his testimony is important, and the second factor weighs slightly against exclusion.

Finally, Plaintiff argues that Werner is not prejudiced and that the untimeliness of the disclosures can be cured because sufficient time remained in the discovery period for Werner to depose Dr. Burns and that Plaintiff does not oppose Defendant obtaining and disclosing a new rebuttal expert witness. (Doc. 16 at 2-3, 8-9.) Werner counters that it was surprised by the untimely expert report because Plaintiff's head injury was not mentioned in her Complaint or initial disclosures and that Defendants are prejudiced because they have no "opportunity to

4

rebut Plaintiff's expert's opinions with an expert [neuropsychologist] of their own." (Doc. 21 at 2-3.) The Court agrees with Werner.

Although there is no dispute that Dr. Burns' report was generated on April 6, 2021 (Doc. 12-5), Plaintiff disclosed Dr. Burns and his expert report on Friday, July 2, 2021 where the expert discovery deadline was Monday, July 5, 2021. (*See* Docs. 11, 12-4, and 12-5.) Plaintiff did not seek to extend her expert disclosure deadline, and Werner is now unduly prejudiced by Dr. Burns' expert testimony and without the ability to secure its own rebuttal neuropsychologist. Although Werner could move to reopen the discovery period, it is not required to do so to cure Plaintiff's belated disclosure. Furthermore, the Rules are clear that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1) ("In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard may order" alternative sanctions). Although there is some discretion for the Court to enter alternative sanctions for discovery violations, the Court does not find that alternative sanctions should be entered based on the circumstances explained herein. Thus, because Plaintiff's failure to timely disclose Dr. Burns and his expert report is neither substantially justified nor harmless, Werner's motion to exclude Dr. Burns is **GRANTED**.

## CONCLUSION

Accordingly, Werner's Motion to Exclude (Doc. 12) is **GRANTED-IN-PART** and **DENIED-IN-PART**. For the reasons explained, Deputy Morgan's testimony is allowed, but Dr. Burns' testimony is **EXCLUDED**.

**SO ORDERED**, this 14th day of October 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**