IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **LEXIE HANDLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION FILE NO.** |
| | ) | **7:20-cv-00235-WLS** |
| v. | ) | |
| | ) | |
| **WERNER ENTERPRISES, INC.** | ) | |
| **and ACE AMERICAN INS. CO.,** | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF LEXIE HANDLEY'S MOTION FOR SANCTIONS**
_____

COMES NOW, LEXIE HANDLEY, PLAINTIFF in the above-styled civil action, and files her Motion for Sanctions, showing the court the following:

**I.     INTRODUCTION**

After accommodating the Defendants' schedule, the Plaintiff was prepared for the Rule 30(b)(6) deposition of Defendant Werner Enterprises, LLC ("Werner") on September 29, 2021. (See Ex. 1, Amended 30(b)(6) Notice). During the deposition,[1] it became apparent that this attempt would be, for all practical purposes, a failure to appear on many of the matters of examination. Werner declined to prepare for testimony on certain noticed topics and provided deliberately evasive, false, or misleading answers on others.

Shortly after the deposition, Werner filed a motion for summary judgment. Werner

---

[1] Rule 30(b)(6) Dep. of Werner, Sept. 29, 2021, is attached hereto as Ex. 2.

relies on newly crafted statements that the corporation claimed to know nothing about during the Rule 30(b)(6) deposition just eight days earlier. For example:

**Table 1**

| RULE 30(b)(6) ANSWER | NEW ANSWER 8 DAYS LATER |
|---|---|
| **Q.** My question is **whether Werner knows whether there was a vehicle here where we've identified already [on Bypass Road], prepared to make a left-hand turn at the time of the crash?**<br><br>**A. <u>I do not know.</u>**<br><br>**Q.** Do you know **whether there were other vehicles** that are not depicted on this page 7 of Ex. 3, this photograph and illustration, whether there were other vehicles on this road?<br><br>**A. <u>I do not.</u>**<br><br>Ex. 2, Werner's Rule 30(b)(6) Dep., Sept. 29, 2021, p. 131: 16 - 20; p 132: 1-5 | "Before I initiated the left turn, **I saw another vehicle stopped on Bypass Road that appeared to be waiting to turn left**. That vehicle was stopped beyond the stop-bar."<br><br>(Doc. 33-3, p, 2, ¶ 9). |

Rule 30(b)(6) was specifically designed to prevent this type of "sandbagging" effort. *See, e.g.*, *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996); see also: *Otero v. Vito,* 2006 U.S. Dist LEXIS 88464, *6, 2006 WL 3535149 (M.D. Ga. Dec. 7, 2006). The rule is designed to prevent sandbagging and prevent a corporation from making a half-hearted inquiry before the deposition but a thorough and vigorous one

before the trial. *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 699 (S.D. Fla. 2012).[2]

The timing of this problem, and the refusal to substitute combined with Werner's filing of a motion for summary judgment ultimately make this motion and appropriate sanctions necessary. Multiple good faith, genuine efforts to resolve this dispute without involving the Court failed. (See, e.g., Dep. 123:19 - 125:1; 139:14-140:8). The Plaintiff hereby certifies that she has in good faith conferred or attempted to confer with the Defendants in an effort to resolve this dispute without court action.

## II.   FACTS

With the Rule 30(b)(6) deposition topics in hand for several weeks, Werner sought to move the deposition beyond the scheduled deadline for depositions. But Werner's scheduling requests also came with assurances. Werner explained that there was no opposition to the substance of the notice itself, only the date and time it was set. (See, e.g., Doc. 22, p. 2).

Werner ignored multiple offers to confer and discuss the topics in advance of the deposition. (See Ex. 3, Aug. 31st, 2021 e-mail; see also Ex. 4, September 28th email). But suddenly, less than 24 hours before the deposition, Werner simply e-mailed a variety of written "objections" to the deposition notice. (Ex. 5, Sept. 28th e-mail from J. Rice, with

---

[2] As addressed further in the Argument section, when analyzing Rule 30(b)(6) issues, the Middle District of Georgia cites favorably and relies upon the cases from other jurisdictions cited throughout this motion. This includes: *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996); *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 699 (S.D. Fla. 2012) on the specific matters addressed herein.

attached "objections"). These written objections came long after Werner actually received notice of all matters for examination.³

Defense counsel almost immediately sought to subtly limit the examination:

> Q. Do you understand that Werner is required to fully prepare a witness to provide all information known or reasonably available to Werner in response to the designated matters listed in Exhibit 1?
>
> MR. COX: Subject to responses, an objection. You can answer.
>
> THE WITNESS: Yes, I'm here to answer the -- the questions on the topics to the best of my ability and to the best of my understanding of what that topic meant.
>
> Q. (By Mr. Sprouse) Is that a yes to my question, you understand Werner's required to fully prepare the witness, which is you in this case, to provide all information known or reasonably available to Werner in response to the designated matters of examinations listed in Exhibit 1?
>
> MR. COX: Objection. Asked and answered. She can answer the question however she feels necessary. Jaime, you can answer it again if you need to.

Ex. 2 at 9:15 - 10:13.

Ms. Jamie Maus has served as Werner's Rule 30(b)(6) designee in approximately 150 depositions. (Ex. 2 at 6:10-15). She claims that she spent "probably four or five hours total" preparing for the deposition and getting prepared to testify on behalf of

---

³ Although the COS is dated Sept. 27th, records indicate this was served on Sept. 28th. Prior to these "objections," Werner never expressed concern or confusion with the topics. In fact, Werner suggested the opposite. (See, e.g., Doc. 22, p. 2).

Werner for all the topics. (Ex. 2 at 11:8-12). She spoke with nobody other than Werner's lawyers.(Ex. 2 at 11: 17 - 12:13). She read no statements, no affidavits, and she only read certain depositions: her individual deposition, certain excerpts of Ms. Handley's deposition, and Mr. Krisak's deposition. (Ex. 2 at 24:22 - 26:15). She did not read, for example, the Trooper's deposition or the testimony of Albert Edmonds.

Even though Werner was required to prepare a witness to testify on "Werner's interpretation of all data and evidence relied upon by Werner's experts in this case," and "identification of any illustrations, video, diagrams, or photos depicting or purporting to depict the area of the subject crash,[4]" she had reviewed almost none of it. She never reviewed the photos or videos of evidence created by Werner's experts. (Ex. 2 at 138:13-16).

Other than the Werner truck driver and the Plaintiff, this witness was not aware of other witnesses with relevant knowledge. (Ex. 2 at 83:8 - 85:21). She was entirely unfamiliar with a witness named Albert Edmonds, who testified by affidavit and deposition at the beginning of this case. (Ex. 2 at 92:16 - 18; 137:23 - 138:5).

> **Q.** All right. If Mr. Edmonds -- well, you don't know about Mr. Edmonds because you haven't read his deposition or his statements, have you?
>
> **A.** I have not.
>
> **Q.** You're not prepared to talk on what Mr. Edmonds was right or wrong about?

---

[4] Ex. 1, No. 31, 43.

>    **A.** I don't know who that is. I -- I'm not prepared.

When asked to provide the factual basis for specific defenses raised in Werner's Answer, a topic expressly included in the notice, Werner evasively repeated that the "factual basis is based on the investigation of outside counsel," and refused to identify specific facts in support of Werner's defenses. (See, e.g., Ex. 2 at 15:16 - 16:12). Similarly, when asked about other matters of examination under the notice Werner responded by evasively pointing to "outside counsel." (See, e.g., Ex. 2 at 20:1-25; 23:19 -24:1).

After the crash, unidentified individuals purporting to act on behalf of or at the direction of Werner (or Werner's lawyers) showed up unannounced at the Plaintiff's residence. (Ex. 2 at 79:7-22; 81:20-). These agents of the Defendants apparently conducted an interview of the Plaintiff's grandmother at the Plaintiff's home. It is unknown whether Werner (including Werner's "outside counsel") is holding back statements or recordings. (See, e.g., Ex. 2 at 83:3 - 84:19).

Werner still refuses to even identify the names of the individuals who visited the Plaintiff's residence. (Ex. 2 at 81:20 - 82:22). When asked to identify and describe any statements or recordings of any witness taken or collected by Werner or its agents on the date of the subject crash to the present, the witness simply explained: "Werner wouldn't have any." (Ex. 2 at 84:20-24).

Werner refused to identify the "current and former Werner truck drivers or former

Werner employees who currently reside or have last known addresses in the counties included in the Middle District of Georgia." (Ex. 2 at 85:15 - 86:13). This specific topic is set forth in the notice. (Ex. 1, No. 40).

Werner does have access to this information. (Ex. 2 at 86:17 - 87:5). Somebody within Werner may have to ask around or look it up. (Ex. 2 at 88:13-20; 89:10 - 90:20). But Werner wrongfully declined, doubled-down, refused to substitute, and refused to even take a recess to confer and consult authority. (Ex. 2 at 89:10 - 90:20;124:4-25).

The notice requires Werner to Identify "the individuals the Werner truck driver called, massaged, e-mailed, or texted, within 24 hours of the crash (excluding immediate family members)" (Ex. 1, No. 29; Ex. 2 at 68:10-22 - 69:1; 77:4-12). Especially considering a witness has testified that the Werner Truck Driver looked lost, was driving erratically, and considering his statements to others shortly after the crash may be more raw and unfiltered, this information is discoverable and relevant. Werner admittedly made no attempt whatsoever to identify this information. (See, e.g., Ex. 2 at 68:23-69:1; 78: 5-10).

Werner was asked to identify "any paperwork (i.e., Bill of Lading, dispatch notes, settlement documents, etc.) related to those 5 prior stops and the next planned destination before the subject wreck. (Ex. 1, No. 16). Werner most likely either had or still has the bill of lading from the stop most immediately prior to the crash. This document may have the identity of a person who interacted with the Werner driver shortly before the crash. (Ex. 2 at 103:1 - 104:12). It also may be used to verify the accuracy of the coordinate and

time data provided in other documents. But Werner declined to even take reasonable steps to track down its own internally stored documents. (Ex. 2 at 103:25 -104:12; 106:15 - 107:15).

Another topic in the deposition notice is: "Werner's interpretation of all data and evidence relied upon by Werner's experts in this case." (Ex. 1, Topic No. 31). But Werner's designee had never even looked at the photographs collected by Werner's experts in this case. (Ex. 2 at 138:13-16). She had never looked at the drone footage collected and used by Werner's experts in this case. (Ex. 2 at 93:23 - 94:13). Matter of examination No. 18 in the Rule 30(b)(6) deposition notice requires identification of the following:

    A.    Incoming calls, missed calls, and outgoing calls on the Werner Truck driver's phone from 2 hours before the subject incident through the 24 hours after

    B.    The Werner driver's messages (text, email, or other electronic messaging) sent and received within 2 hours before the subject incident through 24 hours after the subject incident

    C.    The social media accounts for the Werner driver

(Ex. 1, No. 18).

Werner identified none of it and never tried. (67:5 - 69:20).

### III.    ARGUMENT

#### A.    Legal Discussion

Rule 30(b)(6) provides, in the relevant part:

(6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a

> party may name as the deponent a public or private corporation... or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf...The persons designated **must testify about information known or reasonably available** to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). *See also*: *Richardson v. Fiat Chrysler Auto. (FCA) US, LLC*, 2020 U.S. Dist. LEXIS 20076, at *5 (M.D. Ga. Feb. 6, 2020).[5]

The "purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know." *Alexander v. F.B.I.*, 186 F.R.D. 148, 152 (D.D.C. 1998)."The organization's 'duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee is personally involved. The [organization] must prepare the designee to the extent matters are reasonably available, whether from documents, past employees or other sources.'" *Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change, Inc.*, 2015 U.S. Dist. LEXIS 58814, *17-20, 2015 WL 2091714 (N.D. Ga. May 5, 2015) quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (internal quotation marks and citations omitted). An organization has an affirmative duty

---

[5] The Middle District of Georgia widely cites with approval long-standing authority from a variety of jurisdictions. *Id.* at *7-8 citing *QBE Ins. Corp.*, 277 F.R.D. at 689; *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). *See also: Otero v. Vito*, 2006 U.S. Dist LEXIS 88464, *6, 2006 WL 3535149 (M.D. Ga. Dec. 7, 2006);*Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change, Inc.*, 2015 U.S. Dist. LEXIS 58814, *17-20, 2015 WL 2091714 (N.D. Ga. May 5, 2015).

to prepare its designees, "so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Id. quoting Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) (internal quotations omitted). Stated differently:

> Concomitant with a corporation's duty to produce a responsive witness is its duty to prepare the witness so that [he or she] may give complete, knowledgeable and binding answers on behalf of the corporation.

*Otero v. Vito,* 2006 U.S. Dist LEXIS 88464, *6, 2006 WL 3535149 (M.D. Ga. Dec. 7, 2006)* (internal quotes omitted); see also: *Richardson v. Fiat Chrysler Auto. (FCA) US, LLC*, 2020 U.S. Dist. LEXIS 20076, at *5 (M.D. Ga. Feb. 6, 2020) quoting *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012).

The designee's testimony must encompass facts within the corporation's knowledge, its subjective beliefs and opinions, and its interpretation of documents and events. *Otero v. Vito,* 2006 U.S. Dist LEXIS 88464, *6, 2006 WL 3535149 (M.D. Ga. Dec. 7, 2006)* (citations omitted). If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute. *Strategic Decisions, LLC, supra,* quoting *Brazos River Auth.*, 469 F.3d at 433.

### B.  Werner's Rule 30(b)(6) testimony is tantamount to a failure to appear

It is widely held that a 30(b)(6) corporate designee's lack of preparation for a deposition is deemed to be a "failure to appear," for purposes of Rule 37(d). *See, e.g., Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change*, Inc., No. 1:13-CV-2510-WSD, 2015 U.S. Dist. LEXIS 58814, 2015 WL 2091714, at *7 (N.D. Ga. May 5, 2015); *Otero v. Vito, 2006 U.S. Dist LEXIS 88464, *6, 2006 WL*

*3535149 (M.D. Ga. Dec. 7, 2006)* ("[W]hen a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d).") citing *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999) (same); *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996) (same).

Recognized and cited with approval in the Middle District of Georgia, it has long been understood:

> Rule 30(b)(6) streamlines the discovery process. It places the burden of identifying responsive witnesses for a corporation on the corporation. Obviously, this presents a potential for abuse which is not extant where the party noticing the deposition specifies the deponent. When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. **If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.**

*Otero v. Vito*, 2006 U.S. Dist LEXIS 88464, *6, 2006 WL 3535149 (M.D. Ga. Dec. 7, 2006) quoting *Resolution Trust Corp. v. S. Union Corp.*, 985 F.2d 196, 197 (5th Cir. 1993) (emphasis added)**.**

Without any protective order or even a motion, Werner completely failed to present testimony on matters known or reasonably available to the corporation set out with reasonable particularity in the notice. (See, e.g., Section II, Supra). Werner was afforded ample opportunity to substitute a witness, confer with other witnesses, consult authority, and otherwise attempt to resolve the issue without further motion practice. (See, e.g., Ex. 2 at 123:19 - 124:25). Not only did Werner fail to even offer to substitute after it became clear the witness was not prepared on several reasonably particular topics,

Werner refused to even consider taking a recess to confer and consult authority. (Ex. 2, Werner Dep., 124:4 - 11).

The matters of examination include "[i]dentification of all prior wrecks involving reported bodily injury or death and a Werner truck within 3 years prior to the subject incident through the present." (Ex. 1, No. 32). During the attempt to examine the witness on this topic, it became clear that Werner had declined to prepare for this topic and otherwise acted evasively. (Ex. 2, Werner Dep., 111:17 - 115:15). Werner has access to this information. (Ex. 2, Werner Dep., 115:8 - 21). If Werner wanted to look up identifying information on Werner's prior wrecks during the specified period, the designee could "work with [the] legal and risk departments." (Ex. 2, Werner Dep., 115: 12-15).

Werner declined to identify "a single prior crash other than this one, that resulted in reported bodily injury or death." (Ex. 2, Werner Dep., 115:2-13). Not only are the topics reasonably particular, relevant, and otherwise fair discovery, Werner is not permitted to effectively rule on its own objections and otherwise decline to prepare simply because preparation on the topic would require an extensive internal investigation. See, e.g., *Richardson v. Fiat Chrysler Auto. (FCA) US, LLC*, 2020 U.S. Dist. LEXIS 20076, at *5-6 (M.D. Ga. Feb. 6, 2020). But again, in this case, it's not even clear that Werner's required investigation would be all that extensive. (Ex. 2, Werner Dep., 111:17 - 112:8). Werner does have access to this information. (86:17 - 87:5). Somebody within Werner may have to ask around or look it up. (88:13-20; 89:10 - 90:20). But Werner

wrongfully declined, doubled-down, refused to substitute, and refused to even take a recess to confer and consult authority. (89:10 - 90:20;124:4-25).

Werner took a similarly improper approach when asked to identify:

- current and former Werner truck drivers or former Werner employees who currently reside or have last known addresses in the counties included in the Middle District of Georgia. (Ex. 2, Werner Dep., 85:15 - 86:13; Ex. 1, No. 40).

- incoming calls, missed calls, and outgoing calls on the Werner Truck driver's phone from 2 hours before the subject incident through the 24 hours after. (Ex. 1, No. 18(a)).

- the Werner driver's messages (text, email, or other electronic messaging) sent and received within 2 hours before the subject incident through 24 hours after the subject incident (Ex. 1, No. 18(b)).

- the social media accounts for the Werner driver (Ex. 1, No. 18(c).

Werner's approach is not permitted under the rules, and it's fundamentally unfair. Upon notification of a 30(b)(6) deposition, a corporation cannot take a laissez faire approach to the inquiry. That is, producing a designee and seeing what he has to say or what he can cover. A party does not meet his obligations under Rule 26 or 30(b)(6) by figuratively throwing up its hands in a gesture of helplessness. *See, e.g., Otero v. Vito,* 2006 U.S. Dist LEXIS 88464, *8, 2006 WL 3535149 (M.D. Ga. Dec. 7, 2006*), quoting *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 504 (D. Md. 2000) (internal quotation marks omitted).

  **C.** **Werner's mistaken belief that facts, identities of witnesses, and the corporations positions on defenses are protected from disclosure**

Questions pertaining to Werner's investigation of the subject incident were

unfairly blocked by Werner's mistaken belief that the corporation could entirely hide behind the fact that "outside counsel" was retained the day of the crash.

For example, when asked to provide "the factual basis" for Werner's defenses raised in the Answer, Werner's designee provided nearly identical responses as to each Defense raised in the Answer. (See. e.g. 13:17- 19:25).

> Q. Same question for the fourth defense; what's the factual basis for the fourth defense, looking on our screen?
>
> A. It's based on -- it's based on the investigation of outside counsel.
>
> Q. All right. And that's the entire factual basis you're going to give me today?
>
> A. That is correct.
>
> Q. And the same thing for the fifth defense, what's the factual basis for the fifth defense?
>
> A. It's based on the investigation of outside counsel.
>
> Q. And that's the entire factual basis you're going to give me today on that?
>
> A. It is.

(Ex. 2 at 15:6 - 24).

This evasive response pattern continued throughout the deposition. (See, e.g., Ex. 2 at 15: 1- 18:25; see also: Id. at 20:1- 26:22; 38:6 - 40:4). Werner's view of its duty to provide a prepared witness and provide testimony on its positions (including the factual

basis for its defenses) is misguided. Even when the preparation process uses documents or communication obtained by its lawyers through the litigation process, Werner, like other corporations subject to a Rule 30(b)(6) deposition notice, was required to educate an appropriate Rule 30(b)(6) designee to provide knowledgeable answers reasonably available to the corporation, which include information ascertainable from project files and documents in the repository, information from past employees, witness testimony and exhibits, or any other sources available to the corporation, including factual information learned through or from its counsel. *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 541, 2008 U.S. Dist. LEXIS 108488, *20-21 (D. Nev. 2008). As further explained:

> When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through a firm's corporate lawyers.

*Id.* quoting *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D., 524, 529 (D. Kan. 2006) citing *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003).

Facts communicated to an attorney are not protected by the attorney-client privilege. *Id.* citing *Upjohn Co v. United States*, 449 U.S. 383, 395-96, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). "Moreover, clients cannot refuse to disclose facts which their attorneys conveyed to them and which the attorneys obtained from independent sources." *Sprint*, citing, *Hickman v. Taylor*, 329 U.S. 495, 508, 67 S. Ct. 385, 91 L. Ed. 451 (1947).

### D. Available Sanctions and Remedies

The Court has broad discretion in selecting sanctions under Rule 37 of the Federal Rules of Civil Procedure. *See, e.g.* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Rule 37(d)(1)(A)(i) allows the Court to impose sanctions if a 30(b)(6) witness fails to appear for a deposition. See Fed. R. Civ. P. 37(d)(1)(A)(i). When a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable as a nonappearance under Rule 37(d) of the Federal Rules of Civil Procedure. *See, e.g., United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996).

Permissible sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." See Fed. R. Civ. P. 37(b)(2)(A)(ii). "When the 30(b)(6) representative claims ignorance of a subject during the deposition, courts have precluded the corporation from later introducing evidence on that subject." *Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change, Inc.*, 2015 U.S. Dist. LEXIS 58814, *17-20, 2015 WL 2091714 (N.D. Ga. May 5, 2015) *quoting Function Media, LLC. v. Google, Inc.*, No. 2:07-CV-279-CE, 2010 U.S. Dist. LEXIS 3275, 2010 WL 276093, *1 (E.D. Tex. Jan. 15, 2010); see also *Wilson v. Lakner*, 228 F.R.D. 524, 529-30 (D. Md. 2005); *Rainey v. American Forest & Paper Ass'n*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998) ("Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the

30(b)(6) deposition.") Here, Werner cannot prove that the information was unknown or was inaccessible. (See, e.g. Table 1, supra; see also: Sections II-III, supra).  Whether this is the result of intentional sandbagging or failure to prepare, Werner should at least be prohibited from taking a different position trial and at summary judgment than it did in its 30(b)(6) deposition and subjected to any other sanction or remedy deemed appropriate by the Court. In addition, if deemed appropriate by the Court, the sanction should include reasonable expenses and the Plaintiff's attorney's fees associated with this motion.

## CONCLUSION

The Court should grant the Plaintiff's motion and impose the appropriate sanction(s) or remedies.

Respectfully submitted this 20th day of October, 2021.

                              SAVAGE TURNER PINCKNEY & SAVAGE

                              By:   /s/ Zachary R. Sprouse
                                     Brent J. Savage
                                     Georgia Bar No. 627450
                                     Zachary R. Sprouse
                                     Georgia Bar. No. 276708

SAVAGE, TURNER,
PINCKNEY & SAVAGE
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140
**zsprouse@savagelawfirm.net**
clugar@savagelawfirm.net

## CERTIFICATE OF COUNSEL

I hereby certify that I have this day served a copy of the foregoing upon all parties to this matter via electronic mail and by using the CM/ECF system which will send a notice of electronic filing to the following:

Sean B. Cox
Daniell R. Fink
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303-1775
scox@hallboothsmith.com
dfink@hallboothsmith.com

This 20th day of October, 2021.

/s/ Zachary R. Sprouse
Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708
*Attorneys for Plaintiff*

SAVAGE, TURNER,
PINCKNEY & SAVAGE
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140
zsprouse@savagelawfirm.net

Berrien Sutton
172 West Dame Avenue
Homerville, GA 31634
berriensutton@gmail.com
*Attorneys for the Plaintiff*