IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEXIE HANDLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 7:20-CV-00235 (WLS) |
| | : |
| WERNER ENTERPRISES, INC. and | : |
| ACE AMERICAN INS. CO., | : |
| | : |
| Defendants. | : |

**ORDER**

Before the Court is a Motion for Summary Judgment, filed by Defendant ACE American Ins. Co. ("ACE") on October 28, 2021. (Doc. 43.) Plaintiff timely responded thereto (Doc. 56), and no reply brief was filed. Accordingly, the motion is ripe for review.

**I.    BACKGROUND**

Plaintiff Lexie Handley initially filed this action in Clinch County Superior Court on October 9, 2020. (Doc. 1-2.) Defendants removed this action to this Court on November 13, 2020 based on diversity jurisdiction. (Doc. 1.) Plaintiff alleges that she was severely injured in an automobile accident that occurred on September 20, 2019. (Doc. 1-2 ¶ 1.) She seeks damages for medical and hospital bills, lost wages, pain and suffering, and permanent impairment. *Id.* ¶ 10.

After discovery closed, several motions were filed by the Parties. (Docs. 33, 39, 40, 42, 43, 44, 46.) Before the Court now is ACE's Motion for Summary Judgment, asserting that as an excess insurer, it cannot be named as a defendant in a direct action under Georgia law and that it is due judgment as a matter of law. (Doc. 43.) Plaintiff filed a 'Response in Opposition," stating that she "does not dispute that the evidence shows that Defendant ACE is an excess carrier, and as an excess carrier, Defendant Ace should be removed as a named party from this action." (Doc. 56 at 3.) However, Plaintiff disputes some of ACE's facts and asks that ACE's motion for summary judgment be denied as moot and that she be allowed to amend her pleadings and drop ACE from this case. *Id.* at 1-4. ACE did not reply. (*See* docket.)

Additionally, ACE filed a Statement of Undisputed Material Facts (Doc. 43-2) which contained three facts: (1) "The only allegation against Defendant ACE is that it is a liability insurer subject to direct action[;]" (2) "Defendant Werner is and was on the date of the accident self-insured up to $1 million[;]" and (3) "Defendant ACE does not owe any coverage until after Werner's self-insurance is exhausted." Plaintiff responded that she does not dispute ACE's three undisputed factual statements. (Doc. 56-1.) Thus, both Parties have complied with Local Rule 56, and the Parties agree that ACE is not a proper party in this action. The only apparent dispute is how ACE should be terminated from this case.

## II.   DISCUSSION

Under Georgia law, "a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy." *Hartford Ins. Co. v. Henderson & Son*, 258 Ga. 493, 494, 371 S.E.2d 401, 402 (Ga. 1988).[1] One exception is for motor carriers, but excess insurers are not subject to the motor carrier exception. *See* O.C.G.A. § 40-1-112; *Georgia Mut. Ins. Co., Inc. v. Rollins, Inc.*, 209 Ga.App. 744, 747, 434 S.E.2d 581 (1993). Defendant Werner Enterprises, Inc. ("Werner") was self-insured at the time of the collision at issue, and ACE's policy with Werner was for excess liability only. (Doc. 43-1 at 2; 56 at 3; 56-1.) Thus, ACE cannot be sued in this direct action. *RLI Ins. Co. v. Duncan*, 345 Ga. App. 876, 878-79, 815 S.E.2d 558, 561 (2018) (finding that under OCGA § 40-1-112, "excess insurance cannot be collected until the self-insurance limit … is exhausted'" and "excess insurers are not proper parties to a plaintiff's action against an insured."

ACE requests summary judgment as a result, and the cases ACE cites provide that summary judgment should be granted in this situation. *See Jackson v. Sluder*, 256 Ga. App. 812, 818, 569 S.E.2d 893, 898 (2002) ("[E]xcess insurance coverage is not regarded as 'collectible insurance until the limit of liability of the primary policy is exhausted.' . . . Liberty Mutual therefore was entitled to judgment as a matter of law on this issue.") (citation omitted); *Werner Enters. v. Stanton*, 302 Ga. App. 25, 26, 690 S.E.2d 623, 625 (2010) ("Because Liberty Mutual was an excess insurer, the plaintiffs were not permitted to file suit against it under the direct

---

[1] "Because this action is based on diversity, Georgia substantive standards of law must apply." *Wilson v. TASER Int'l, Inc.*, 303 F. App'x 708, 715 (11th Cir. 2008).

2

action statute, and the trial court therefore erred in denying Liberty Mutual's motions for summary judgment on this ground.").

Plaintiff has cited no case in support of her request to be able to amend her pleadings to drop ACE as a Defendant; the deadline to amend pleadings has passed; and ACE has not consented to Plaintiff's request but has requested summary judgment in its favor as provided by the law. Nothing further has been filed by the Parties regarding this motion. Furthermore, the rules are clear that the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Here, there is no dispute on any pertinent[2] issue of material fact, and ACE is entitled to judgment as a matter of law because Plaintiff is precluded from suing ACE in this action. Accordingly, ACE's motion for summary judgment (Doc. 43) is **GRANTED**.

**SO ORDERED**, this 11th day of January 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court has no reason to find that resolution of this motion affects Werner's motion for summary judgment or Plaintiff's claims against Werner.

3