IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEXIE HANDLEY, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:20-CV-00235 (WLS) |
| WERNER ENTERPRISES, INC., | : |
| Defendant. | : |

**ORDER**

Before the Court is Plaintiff's Motion for Sanctions. (Doc. 39.) Defendant timely responded thereto (Doc. 50), and Plaintiff timely replied (Doc. 53) and was granted leave to exceed the page limitations for her reply brief (Doc. 61). Thereafter, Defendant timely filed a surreply brief with leave of Court. (Doc. 71.) Accordingly, the motion for sanctions is ripe for review.

**I.     PROCEDURAL BACKGROUND**

Plaintiff Lexie Handley filed this action in Clinch County Superior Court on October 9, 2020. (Doc. 1-2.) Defendants[1] removed this action to this Court on November 13, 2020 based on diversity jurisdiction. (Doc. 1.) Plaintiff alleges that she was severely injured in an automobile accident that occurred on September 20, 2019. (Doc. 1-2 ¶ 1.) Specifically, Plaintiff alleges that a tractor-trailer truck belonging to Defendant Werner Enterprises, Inc. ("Werner") improperly stopped on a highway, which caused Plaintiff's automobile to collide with Werner's truck. *Id.* ¶¶ 7-9; (Doc. 36-3 at 50-51.) She seeks damages for medical and hospital bills, lost wages, pain and suffering, and permanent impairment. (Doc. 1 ¶ 10.)

After discovery closed, several motions were filed by the Parties. (Docs. 33, 39, 40, 42, 43, 44, 46.) Before the Court now is Plaintiff's Motion for Sanctions in which Plaintiff argues that sanctions should be imposed against Werner for its failure to produce a prepared 30(b)(6)

---

[1] ACE American Ins. Co. ("ACE") was named as a Defendant in this case, but the Court has recently granted ACE's Motion for Summary Judgment as ACE is not a proper party in this suit. (*See* Doc. 76.)

1

representative for a noticed deposition. (Doc. 39.) Specifically, Plaintiff asks that the Court prohibit Werner from taking a different position at trial and summary judgment than it did in its 30(b)(6) deposition and that reasonable expenses and fees associated with this motion be assessed against Werner. *Id.* at 17.

## II.  RELEVANT FACTUAL BACKGROUND

Pursuant to a consent motion filed by Werner to extend the discovery deadline (Doc. 20), discovery closed in this case on September 29, 2021. (Doc. 24.) Although Plaintiff had attempted to schedule a 30(b)(6) deposition of Werner sooner, Werner's 30(b)(6) representative Ms. Jamie Maus was deposed on September 29, 2021 based on Werner's stated availability. (*See* Docs. 22-1, 22-5, 39-1, 39-3.) On September 16, 2021, Plaintiff's counsel sent Werner's counsel a final Amended Notice of the 30(b)(6) Deposition of Werner, listing forty-three topics for the deposition and requesting that relevant documents also be produced. (Doc. 39-1.0 Additionally, although Plaintiff's counsel emailed Werner's counsel about the deposition and generally stated that he was available to confer, it appears that the Parties did not confer about the deposition in advance. (*See* Docs. 39-3 & 39-4.) At approximately noon on September 28, 2021, Werner's counsel emailed Werner's Objections and Responses to Plaintiff's Notice of Rule 30(b)(6) Deposition, responding as to each deposition topic that either a witness was identified to respond, that Werner objected based on attorney-client or work product privileges, or that "there is no such information in possession of Werner." (Doc. 39-5.)

The 30(b)(6) deposition proceeded on September 29, 2021 and lasted from 9:32 a.m. until 12:51 p.m. (Doc. 39-2 at 1, 35.) Twice towards the conclusion of the deposition, Plaintiff's counsel offered Werner to substitute a witness on topics he believed remained unanswered, and Werner's counsel declined to substitute the witness and responded that Maus had provided Werner's knowledge on all topics. *Id.* at 31, 35. This oral exchange at the deposition is also the basis of Plaintiff's certification that she conferred or attempted to confer in good faith to resolve this dispute without Court action. (Doc. 39 at 3.)

### III. DISCUSSION

#### A. Legal Standard

The scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1). In addition to other discovery devices, a party may notice or subpoena a deposition of a corporation and in that notice "must describe with reasonable particularity the matters for examination." Fed.R.Civ.P. 30(b)(6). The Parties must promptly "confer in good faith about the matters for examination[,]" and "[t]he persons designated must testify about information known or reasonably available to the organization." *Id.*

"Concomitant with a corporation's duty to produce a responsive witness is its duty to prepare the witness 'so that [he or she] may give complete, knowledgeable and binding answers on behalf of the corporation.'" *Otero v. Vito*, No. 5:04-CV-211 (DF), 2006 U.S. Dist. LEXIS 88464, at *7 (M.D. Ga. Dec. 7, 2006) (citation omitted). A corporation's production of a prepared witness is important because "[a] corporation's subjective beliefs and opinions, as well its interpretation of certain documents and events, often cannot be gleaned from the mere production of documents." *Id.* at *13. Rule 30(b)(6) depositions are "designed to avoid the bandying by corporations where individual officers or employees disclaim knowledge of facts clearly known to the corporation." *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 688 (S.D. Fl. Jan. 30, 2012) (explaining that "one purpose is to curb any temptation by the corporation to shunt a discovering party . . . by presenting deponents who each disclaim knowledge of facts known to someone in the corporation"). *Id.* (citations omitted). Thus, a 30(b)(6) witness is expected to testify to matters beyond his or her personal knowledge, and the corporation has a duty to designate more than one deponent if necessary, or to substitute for a different deponent, to respond "on all relevant areas of inquiry listed in the notice." *Id.* (citations omitted). "As a corollary to the corporation's duty to designate and prepare a witness, it must perform a reasonable inquiry for information that is reasonably available to it," and "is

expected to *create* an appropriate witness or witnesses from information reasonably available to it if necessary." *Id.* at 689 (citation omitted).

"If a 30(b)(6) witness is not knowledgeable about relevant facts, and the organization has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Mfrs. All. Ins. Co. v. Brencorp, Inc.*, No. 4:15-CV-0140-HLM, 2016 U.S. Dist. LEXIS 203689, at *34 (N.D. Ga. Aug. 3, 2016) (citation omitted); *see also Otero*, 2006 U.S. Dist. LEXIS 88464, at *14. Where a party fails to appear for a properly noticed deposition, Rule 37 provides for imposition of sanctions on motion from the other party. Fed.R.Civ.P. 37(d)(1)(A)(i).

## B. Whether Werner Effectively Failed to Produce a 30(b)(6) Representative

### 1. Duty to Confer

Rule 30(b)(6) requires that parties confer about the topics for examination either before the notice of deposition is sent or promptly after it is sent. This requirement was added effective December 1, 2020 "to avoid 'overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses.'" *Nevilles v. Waffle House*, No. 1:19-cv-5782-MHC-JKL, 2021 U.S. Dist. LEXIS 147957, at *4 (N.D. Ga. Mar. 5, 2021) (quoting Fed.R.Civ.P. 30(b)(6), 2020 Amendment Advisory Committee Notes). Although Plaintiff's counsel offered to confer in emails to Werner's counsel, there is no indication that a meeting to confer was ever scheduled or ever took place – which could possibly have prevented this entire motion. Nonetheless, unlike the Plaintiff in *Nevilles*, the Court cannot find that Plaintiff's counsel was not diligent here because Plaintiff's counsel attempted to schedule the deposition for earlier dates which were rejected by Werner, offered to confer and left "unreturned voicemails," and was unaware that Werner had any objection to the deposition topics until the day prior to the deposition. (*See* Docs. 22, 22-5, 39 at 3.) Furthermore, Werner does not raise an issue about the failure of the Parties to confer before the deposition. Thus, the Court will not deny Plaintiff's motion on this ground.

Additionally, there are no hard rules regarding the extent to which a party must confer or attempt to confer prior to filing a motion under Rule 37. Fed.R.Civ.P. 37(d)(1)(B). Courts have found sufficient a conference during a deposition where both Parties understand that the court will need to resolve the dispute. *See, e.g.*, *United States v. Ga. Cancer Specialists I P.C.*, No.

4

1:11-CV-00994-CAP, 2017 U.S. Dist. LEXIS 235851, at *6 (N.D. Ga. Aug. 10, 2017). Thus, although more effort could have been made to confer about the pending dispute, the record makes clear that the Parties essentially reached an impasse at the 30(b)(6) deposition during which Plaintiff's counsel specifically stated that he would "respectfully suspend the deposition pending a ruling from the Court or unless the parties can work it out otherwise." (Doc. 39-2 at 31-32). Werner's counsel then continued the examination, and, after asking additional questions, Plaintiff's counsel repeated that he believed the witness had failed to respond to several relevant questions, and Werner's counsel disagreed and responded that he did not wish to substitute Maus for a different witness. (*See* Doc. 39-2 at 31, 35.) As such, the Court cannot find that Plaintiff failed to confer or attempt to confer in good faith prior to filing this motion.

### 2. Testimony on Relevant Facts

Plaintiff argues that "Werner declined to prepare for testimony on certain noticed topics and provided deliberately evasive, false, or misleading answers on others." (Doc. 39 at 1.) Specifically, Plaintiff complains that Maus spent only four to five hours preparing, that she spoke only to Werner's lawyers and no one else, that she read only her prior individual deposition transcript, excerpts of Plaintiff's deposition transcript, and the deposition transcript of Werner's driver Mr. Krisak, and that she reviewed very little of the evidence and none of the photos or videos created by Werner's experts. (Doc. 39 at 4-5.) Plaintiff argues that Werner made a "halfhearted inquiry" before the deposition and approximately one week later, filed a motion for summary judgment asserting specific facts that Werner claimed to be unaware of at the deposition. *Id.* at 1-2, Doc. 53 at 5-6. Defendant counters that Maus was prepared for the deposition, that she was the best person at Werner to provide 30(b)(6) testimony, and that Plaintiff's motion for sanctions should be denied because either Plaintiff failed to ask particularized questions, asked for information outside of the scope of discovery, or asked for information protected by anticipation of litigation and work product privileges. (Doc. 50.)

### a.  Facts Uncovered by Werner's Outside Counsel

Plaintiff challenges Maus' testimony to Topic 1 (Doc. 39 at 5-6, 13-15), which consisted entirely of Maus responding that each of Werner's defenses in its Answer[2] to the Complaint was "based on the investigation of outside counsel." (Doc. 39-2 at 4-5.) Similarly, as to Topic 2 concerning Werner's investigation into the collision (Doc. 39 at 5-6, 13-15), Maus testified that Werner did not do an investigation, that the investigation was handled entirely by outside counsel, and that Maus was not aware of which witnesses were interviewed or of any witness statements. (Doc. 39 at 5-6.) Werner's counsel interposed an objection of privilege on the record and continues to maintain that such information is protected by the anticipation of litigation, work product, and attorney-client privileges. *Id.* at 6; Doc. 50 at 3-7. Werner is largely, but not entirely, correct.

"Like attorney-client privilege, the burden of establishing work product is on the party who asserts the doctrine." *Bank of Am., N.A. v. Ga. Farm Bureau Mut. Ins. Co.*, No. 3:12-CV-155 (CAR), 2014 U.S. Dist. LEXIS 136914, at *16 (M.D. Ga. Sep. 29, 2014); *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991). The Rules specifically protect from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial" and "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative." Fed.R.Civ.P. 26(b)(3)(A)-(B). But as Werner essentially concedes, while attorney work product and legal strategy are privileged, "the facts and circumstances surrounding the accident" are discoverable. (Doc. 50 at 6) (citing *Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 699–700 (N.D. Ga. 2007)).

Werner has filed a seventy-two paragraph Statement of Undisputed Material Facts in support of its Motion for Summary Judgment (Doc. 35), and Maus should have been able to testify to some of these facts as Werner's 30(b)(6) witness. That these facts may have been learned through Werner's outside counsel or experts is of no consequence. "A corporate designee must provide responsive answers even if the information was transmitted through the corporation's lawyers." *QBE Ins. Corp.,* 277 F.R.D. at 689 (citing *Great Am.*, 251 F.R.D. at 542). The same analysis applies to all topics and questions that called for unprivileged facts,

---

[2] Pursuant to the Court's last Order (Doc. 78), Defendants' Answer to the Complaint has been recently filed. (Doc. 79.)

6

such as Topics 17, 31, 36, 37, 41, and 42. (*See* Doc. 39 at 6, 8; Doc. 53 at 9, 11, 12-13, 15). Maus should have provided the facts and names of persons as known or reasonably could be known by Werner. As Werner argues, "Werner is compelled to [] conduct a reasonable investigation into those facts that are within the collective knowledge of the company, and [] give the company's interpretation of those facts when it has one." (Doc. 71 at 10) (quoting *Monopoly Hotel Group, LLC v. Hyatt Hotels Corporation*, 2013 WL 12246988, at *5 (N.D. Ga. June 4, 2013)).

Nonetheless, numerous courts have concluded that a corporate witness need not testify as to the basis for its legal contentions, claims, or defenses because such questions inherently inquire into privileged attorney conclusions and work product. *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l*, No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *26-27 (D. Minn. Jan. 23, 2018) ("[M]any courts have found overbroad 30(b)(6) topics which would require the opposing party 'to marshal all of its factual proof and prepare a witness to be able to testify on a particular defense' or claim.") (citing cases); *Arthrex, Inc. v. Parcus Med., LLC*, No. 2:11-cv-694-FtM-29UAM, 2013 U.S. Dist. LEXIS 199432, at *6 (M.D. Fla. Nov. 18, 2013) (denying motion to compel where question into factual basis for party's contentions of compliance "by its very nature concerns legal reasoning"). Here, too, a topic asking for the basis for all of Werner's legal defenses in this case is overly broad and asks for legal conclusions and impressions. As other courts have held, "a non-attorney Rule 30(b)(6) deponent 'should not be expected to present orally a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by a corporate party.'" *Stoneeagle Servs., Inc. v. Pay-Plus Solutions, Inc.*, No. 8:13-CV-2240-T-33MAP, 2015 U.S. Dist. LEXIS 187639, 2015 WL 12843846, *2 (M.D. Fla. April 29, 2015) (citations and quotation marks omitted). Thus, while Maus should have testified as to Werner's knowledge of specific facts concerning the collision, she was not necessarily required to testify as to the bases for each of Werner's asserted defenses.

Likewise, as to Plaintiff's question about Werner's investigation into the collision, Maus' response that the investigation was performed by and directed by outside counsel was proper in that the question asked for privileged information and was overbroad. *See, e.g.*, *Arthrex, Inc.*, 2013 U.S. Dist. LEXIS 199432, at *6; *United States v. Guidant Corp.*, No. 3:03-0842,

7

2009 U.S. Dist. LEXIS 88106, 2009 WL 3103836, at *3 (M.D. Tenn. Sept. 24, 2009) (Broad topics of inquiry do not "give rise to an obligation to prepare a witness to answer every conceivable detailed question relating to the topic."). Only Plaintiff's questions about non-privileged facts warranted factual testimony.

  b. **Other Relevant Answers and Documents Sought**

Topic 16 asked Werner for "Identification of any paperwork (i.e., Bill of Lading, dispatch notes, settlement documents, etc.) related to those 5 prior stops and the next planned destination." (Doc. 39-5 at 7.) Maus testified that there "may be" a bill of lading from Krisak's last stop before the collision but that she had not identified one. (Doc. 39-2 at 26.) The deposition notice had also requested that Werner "bring to the deposition all evidence relevant" to the noticed topics (Doc. 39-1 at 6), and Plaintiff contends that Werner has a bill of lading from the prior stops but "declined to even take reasonable steps to track down its own internally stored documents." (Doc. 39 at 7-8; Doc. 53 at 10-11.) Plaintiff argues that this information is relevant because it goes to the accuracy of the coordinate and time data that Defendant seeks to prove through other means. (Doc. 39 at 7-8, 11.; Doc. 53 at 10-11.)

Werner does not directly address why Maus failed to testify about the specific five prior stops and failed to produce the bills of lading and other documents in Werner's possession about the prior stops. Instead, Werner argues that Maus testified that the hours-of-service records show the stops made and that Maus was otherwise "prepared to explain the specific location and stops." (Doc. 71.) This is inadequate. "A corporation cannot rest on its documents when a Rule 30(b)(6) deposition is requested." *Richardson v. Fiat Chrysler Auto. (FCA) US, LLC*, No. 7:19-CV-15 (HL), 2020 U.S. Dist. LEXIS 20076, at *9 (M.D. Ga. Feb. 6, 2020) *(*citing *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 541 (D. Nev. 2008) ("Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent. . . . [T]he two forms of discovery are not equivalent.")). Werner was specifically noticed to produce and testify regarding any bills of lading from the five prior stops, and Werner failed to do so without any actual justification. Although the bills of lading may be fully consistent with the hours-of-service records, they remain relevant documents and should have been produced. *Richardson*, 2020 U.S. Dist. LEXIS

8

20076, at *6 ("[T]he corporation must review all responsive information housed internally. Such internal investigation may be extensive.").

Similarly, Topic 18 requested identification of incoming calls, missed calls, and outgoing calls from two hours before the accident through twenty-four hours after the accident, text and email messages from two hours before the accident through twenty-four hours after the accident, and social media accounts of Krisak, but Werner provided very little of this information. (*See* Doc. 39 at 13; Doc. 53 at 16.) Maus testified about three calls that were identified through the truck's Qualcomm system but that Werner does not keep a call log and did not look into Krisak's personal text or email messages. (Doc. 39-2 at 19-20.) Discovery is broad, and Defendant has presented no argument based in the Federal Rules for its failure to provide this information. Fed.R.Civ.P. 26(b)(1) (explaining, for example, that undue burden or expense and privilege are justifiable reasons for not producing discovery). Thus, it appears to the Court that Werner should have inquired into and testified as to Topic 18.

### c. Irrelevant or Overbroad Topics

Topic 32 asked for "all prior wrecks involving reported bodily injury or death and a Werner truck within 3 years prior to the subject incident through the present," and Topic 40 asked for "[i]dentification of all current and former Werner truck drivers or former Werner employees who currently reside or have last known addresses in the counties included in the Middle District of Georgia." (*See* Doc. 53 at 13, 15.) Plaintiff has merely asserted that Werner has access to information responsive to these topics and that they may be relevant and may assist with jury selection. *Id.*; *see also* Doc. 39 at 12. But the Court does not find that these topics are sufficiently narrow or relevant.

The Complaint alleges that a specific truck owned by Werner and driven by Krisak improperly stopped on the road on September 20, 2019, causing a collision and injuries to Plaintiff. (Doc. 1-2.) There is no allegation of anyone else's negligence or of any other reason for the collision. Thus, a question asking about wrecks involving all Werner trucks over a five-year period is unnecessarily broad and seeks largely irrelevant information. Even in cases involving negligent training or design—which is not alleged here— discovery is only permitted into "substantially similar" occurrences. *See, e.g., Glatter v. MSC Cruises S.A.*, No. 18-62219-

9

CIV-COHN/SELTZER, 2019 U.S. Dist. LEXIS 58621, at *8 (S.D. Fla. Feb. 7, 2019); *Gibson v. Ford Motor Co.*, 510 F.Supp.2d 1116, 1123 (N.D. Ga. 2007) ("In the absence of a sufficient showing of similarity to establish relevancy, a response to [] other incident discovery is not required.") (emphasis added). Plaintiff has not shown that these topics seek information "relevant to any party's claim or defense and [are] proportional to the needs of the case," and the Court finds that Topics 32 and 40 as-stated did not warrant testimony or production of documents. Fed.R.Civ.P. 26(b)(1).

### C. Whether Werner Failed to Appear, Warranting Sanctions

"Sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to ensure the integrity of the discovery process." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-30SPF, 2020 U.S. Dist. LEXIS 258745, at *20 (M.D. Fla. June 30, 2020) (citing *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (citation omitted)). While Maus may have been less than forthcoming as to some questions, as explained herein, Werner had legitimate grounds for failing to answer some of the questions that it believed called for privileged or irrelevant information. Furthermore, Maus did testify to specific facts when asked. She testified to the rate of speed of Krisak's truck, where Krisak was going, the name of Krisak's next customer, the Qualcomm messages for that stop, the injuries Plaintiff sustained in this collision, and many more details and facts. (*See* Doc. 39-2 at 7-27).

This is not a case where the corporation unjustifiably failed to produce a witness on most of the noticed topics. *Cf. Otero*, 2006 U.S. Dist. LEXIS 88464, at *14 (sanctioning corporation by imposing fees and a second deposition where its 30(b)(6) witness failed to "'appear,' as that phrase is understood, for over half of the areas of inquiry noticed by Plaintiff in his notice of deposition"). Here, Plaintiff has only argued about a fraction of the forty-three noticed topics, and of that fraction, the Court has found that only some questions were not properly answered. Others were overbroad or called for irrelevant or privileged information. Where a deponent "fails to answer a question asked under Rule 30," the party seeking discovery may move to compel the answer. Fed.R.Civ.P. 37(a)(3)(B). Plaintiff did not move to compel the omitted answers nor to extend or reopen the discovery period, as she could have.

Further, while "courts examine the degree and type of effort made by the corporation to prepare the witness," the Court cannot find that the amount of time or effort spent here

10

was so inadequate or unacceptable as to warrant sanctions. *Shapiro v. America's Credit Union*, No. C12-5237-RBL, 2013 U.S. Dist. LEXIS 77019, at *3-5 (W.D. Wash. May 31, 2013) (citations omitted). Maus' 30(b)(6) testimony was largely consistent with Krisak's deposition testimony and the evidence and facts submitted by Werner in support of its summary judgment motion. In other words, any prejudice resulting from Werner's failure to produce a more knowledgeable and forthcoming 30(b)(6) witness is minimal.

For the foregoing reasons, the Court does not find that Werner failed to appear for its 30(b)(6) deposition. As such, no sanctions are warranted under Rule 37(d).[3]

## CONCLUSION

Accordingly, Plaintiff's Motion for Sanctions (Doc. 39) is **DENIED**.

**SO ORDERED**, this 1st day of February 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] While a party opposing discovery or deposition questions should file a motion for a protective order, the requirement to file such a motion only arises where a party fails to appear for a 30(b)(6) deposition. *See* Fed.R.Civ.P. 37(d)(2). As Werner did not fail to appear, it was not required to file a motion for protective order for its failure to be excused.

11