IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEXIE HANDLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 7:20-CV-00235 (WLS) |
| | : |
| WERNER ENTERPRISES, INC., | : |
| | : |
| Defendant. | : |

**ORDER**

Before the Court is Plaintiff's "Motion for Partial Reconsideration," asking that the Court partially reconsider its denial of Plaintiff's Motion for Sanctions (Doc. 39) and that the Court order Defendant to reappear and provide complete testimony at another Rule 30(b)(6) deposition. (Doc. 82.) Defendant timely responded thereto (Doc. 84). Thus, the motion is ripe for review. *See* M.D. Ga. L.R. 7.6.

As background, discovery closed in this case on September 29, 2021 (Doc. 24), and Plaintiff timely filed a Motion for Sanctions on October 20, 2021 arguing that Defendant Werner Enterprises, Inc. ("Werner") effectively failed to appear for its Rule 30(b)(6) deposition (Doc. 39). The Court concluded that "no sanctions are warranted under Rule 37(d)" because, notwithstanding some deficiencies in its deponent's testimony, "the Court does not find that Werner failed to appear for its 30(b)(6) deposition." (Doc. 80 at 11.) Plaintiff now argues in her Motion for Partial Reconsideration that she requested broad relief, including implicitly requesting the remedy of an order compelling Werner to appear for another Rule 39(b)(6) deposition, and she asks that the Court reconsider its order denying her motion for sanctions to that extent. (Doc. 82.) Werner timely responded, asserting that Plaintiff has not "even attempt[ed] to satisfy the requirements for prevailing on a motion for reconsideration," and that the Court's order was clear that "no sanctions are warranted." (Doc. 84 at 3.)

"The three primary grounds justifying the grant of a motion for reconsideration are (1) intervening change in controlling law, (2) the availability of new evidence, and (3) the need to

correct clear error or prevent manifest injustice." *United States v. Rameshwer Satram*, No. 21-10720, 2022 U.S. App. LEXIS 2273, at *3 (11th Cir. Jan. 25, 2022) (citing *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010)). Plaintiff has not asserted either of the first two grounds but appears to be moving for reconsideration to correct a clear error or prevent manifest injustice inasmuch as Plaintiff takes issue with the portion of the Court's prior Order noting that "Plaintiff did not move to compel" (Doc. 80 at 10 citing Fed.R.Civ.P. 37(a)(3)(B)). (Doc. 39 at 2.) For the reasons explained herein, Plaintiff has not provided any grounds that warrant granting her motion for partial reconsideration.

In her "Motion for Sanctions," Plaintiff specifically argued that "Werner's Rule 30(b)(6) testimony is tantamount to a failure to appear . . . for purposes of Rule 37(d)." (Doc. 39 at 10.) Plaintiff argued that Defendant "completely failed to present testimony on matters known or reasonably available to the corporation" and that sanctions should be imposed pursuant to "Rule 37(d)(1)(A)(i)." *Id.* at 11, 16 (cross-referencing Rule 37(b)(1)(A) which provides a list of the potential orders that can be issued where a Rule 30(b)(6) deponent fails to obey an order or permit discovery). As to the relief sought, Plaintiff asked that the Court prohibit Werner from taking a different position at trial and summary judgment than it did in its 30(b)(6) deposition and that reasonable expenses and fees associated with this motion be assessed against Werner. *Id.* at 17. In her conclusion, she asked that the Court grant her motion and "impose the appropriate sanction(s) or remedies." *Id.* at 18.

Rule 37(d) specifically provides that sanctions "may"[1] be imposed where "a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i) (emphasis added). Rule 37(d)(1)(A) does not provide for sanctions for a party's mere failure to answer some questions at a deposition; that provision is found under Rule 37(a)(3)(B) which allows a party to move for an order to compel an answer if "a deponent fails to answer a question asked under Rule 30." Fed.R.Civ.P. 37(a)(3)(B)(i). Thus, Plaintiff could have filed a motion to compel, for sanctions, and to reopen discovery within a single motion, but she did not.[2] Plaintiff still does not (and cannot) challenge

---

[1] A sanctions order is not required even where a party has failed to appear for a 30(b)(6) deposition.
[2] "[E]very motion filed in a civil proceeding shall be accompanied by a memorandum of law citing supporting authorities. . . . Where possible, multiple motions filed at the same time, in the same case, shall be consolidated

2

the Court's treatment of her motion as a Motion for Sanctions pursuant to Rule 37(d); therefore, there is no error to correct or injustice to prevent. Litigants "must do more than merely raise an issue in a perfunctory manner, without supporting arguments and citation to authorities. . . . [Courts] will not scour the record or formulate arguments for a litigant . . ., and all issues that are not briefed are abandoned." *Borden v. Cheaha Reg'l Mental Health Ctr.*, 760 F. App'x 828, 830 (11th Cir. 2019) (discussing these principles regarding a *pro se* litigant for whom briefs are held to a "less-stringent standard" than the briefs of attorneys). Thus, Plaintiff was obligated to specify the grounds for her Motion for Sanctions and to cite the relevant legal authority.

Plaintiff did not file a motion to compel pursuant to Rule 37(a), but instead moved for sanctions pursuant to Rule 37(d) for Werner's failure to appear for a Rule 30(b)(6) deposition. (Doc. 39.) The Court denied that motion upon finding that "no sanctions" were warranted because Werner did not fail to appear (Doc. 80). No arguments have been advanced that warrant reconsideration of that Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Reconsideration (Doc. 82) is **DENIED**.

**SO ORDERED**, this 3rd day of March 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

into one motion with multiple, clearly labeled parts and subparts." M.D. Ga. L.R. 7.1. Plaintiff was obligated to cite her supporting legal authorities, but she did not once cite or mention Rule 37(a).

3