IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LEXIE HANDLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-CV-00235 (WLS) |
| | : | |
| WERNER ENTERPRISES, INC., | : | |
| | : | |
| Defendant. | : | |

# ORDER

Before the Court is a Motion for Summary Judgment timely filed by Defendant Werner Enterprises, Inc. ("Werner"). (Doc. 33.) As the motion for summary judgment has been fully briefed (*see* Docs. 47, 52, 70), it is ripe for review.

## I. PROCEDURAL BACKGROUND

Plaintiff Lexie Handley filed this action in Clinch County Superior Court on October 9, 2020. (Doc. 1-2.) Defendants[1] removed this action to this Court on November 13, 2020 based on diversity jurisdiction. (Doc. 1.) Plaintiff alleges that she was severely injured in an automobile accident that occurred on September 20, 2019. (Doc. 1-2 ¶ 1.) Specifically, Plaintiff alleges that a tractor-trailer truck belonging to Defendant Werner Enterprises, Inc. ("Werner") improperly stopped on a highway, which caused Plaintiff's automobile to collide with Werner's truck. *Id.* ¶¶ 7-9; (Doc. 36-3 at 50-51.) She seeks damages for medical and hospital bills, lost wages, pain and suffering, and permanent impairment. (Doc. 1 ¶ 10.)

After discovery closed, several motions were filed by the Parties. (Docs. 33, 39, 40, 42, 43, 44, 46.) The Court has since resolved some of those motions, denying Plaintiff's motion to exclude certain opinions of Defendant's accident reconstructionist expert witness Chip O'Toole and denying Plaintiff's motion for sanctions based on Defendant's alleged failure to

---

[1] ACE American Ins. Co. ("ACE") was initially named as a Defendant, but the Court has recently granted ACE's Motion for Summary Judgment as ACE is not a proper party in this suit. (*See* Doc. 76.)

1

produce a Rule 30(b)(6) witness. (Docs. 77 & 80.) Before the Court now is Defendant's Motion for Summary Judgment, arguing that there is no evidence that Werner's driver Joseph Krisak was negligent, violated any traffic laws, or caused the collision. (Doc. 34.) Plaintiff timely responded in opposition (Doc. 47),[2] Defendant timely filed a reply brief (Doc. 52), and Plaintiff timely filed a surreply brief after receiving permission to do so (Doc. 70).

## II.   SUMMARY JUDGMENT STANDARD
### A.   Federal Rule of Civil Procedure 56

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Chow v. Chak Yam Chau*, 555 F. App'x 842, 846 (11th Cir. 2014) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)). " 'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.' " *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet that burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-

---

[2] In her response, Plaintiff makes arguments previously denied by the Court. (Docs. 80 & 85.) To the extent Plaintiff is seeking other relief, a proper motion must be filed. (*See* Doc. 85.)

24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts.' " *Matsushita*, 475 U.S. at 586 (citations omitted). Instead, the non-movant must point to record evidence that would be admissible at trial. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form."). Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant. *See* Fed. R. Civ. P. 56(c)(4).

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Matsushita*, 475 U.S. at 587-88; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### A.    Local Rule 56

Local Rule 56 requires the following:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.

M.D. Ga. L.R. 56. Here, Defendant filed a summary judgment motion with a separate Statement of Undisputed Material Facts, as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. (*See* Docs. 34 & 35.) Plaintiff then filed a response to Defendants' statement of material facts. (Doc. 47-1.) Defendant replied to Plaintiff's response to Defendant's statement of material facts. (Doc. 52-1.) Thus, both Parties have complied with

the Local Rule's requirement on statements of fact. Having established the applicable standards, the Court will proceed to the facts.

### III. RELEVANT FACTUAL BACKGROUND

The following facts are derived from the Complaint (Doc. 1-2); Defendants' Answer thereto (Doc. 79); Defendants' Statements of Undisputed Material Facts (Doc. 35); Plaintiffs' Response to Defendants' Statement of Undisputed Material Facts (Doc. 47-1); Defendants' reply thereto (Doc. 52-1); and the record in this case. Where relevant, the factual summary also contains undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in a light most favorable to Plaintiff as the nonmoving party. *See* Fed. R. Civ. P. 56; *Matsushita*, 475 U.S. at 587-88.

On September 20, 2019 at approximately 11:29am, Krisak was driving a tractor-trailer for his employer Werner, travelling westward on GA-84 in Homerville, GA. (Doc. 47-1 ¶ 1.) Krisak was leaving a shipping customer and driving to the next pick-up location. (Docs. 47-1 ¶ 2; Doc. 36-1 at 18:5-20.) Krisak testified that as he accelerated upon leaving the prior shipping customer, he had his emergency flashers turned on, and then he switched to using the turning signal as he entered the center turning lane to begin a left-hand turn. (Doc. 36-1 at 16:19-19:13, 24:5-23.)

Lexie Handley, who was twenty-two years old at the time, was also driving west on GA-84 that day (Doc. 36-3 at 12). She testified that she was driving in the right lane behind a silver SUV and, as she attempted to pass the SUV, she moved into the left lane looking behind her and checking her blind spot. *Id.* at 48:21-51:17; Doc. 47-1 ¶ 13. But when she pulled into the left lane, Werner's tractor-trailer was "parked[,]" and she struck it straight-on from behind. (Doc. 36-3 at 48-49; Doc. 47-1 at 4 ¶ 13.) Handley could not see well past the SUV in the right lane and she did not think the tractor-trailer "would be parked in the actual road, not the turning lane." (Doc. 36-3 at 52.) She assumed the left lane was clear. *Id.* at 53. She did not see the trailer until right before impact. *Id.* at 53-54. She does not remember braking or swerving prior to impact. *Id.* at 54. Defendants contend that the evidence is undisputed that "Plaintiff did not apply her brakes, lift off the throttle, or steer to avoid the collision." (Doc. 47-1 at 4 ¶

4

10.) Defendants also assert that Handley struck the trailer straight-on at 56 miles per hour, which was 11 miles per hour over the speed limit. *Id.* at 4 ¶¶ 11-13. Handley suffered significant injuries in the collision: brain injury, shattered cheekbones, broken teeth and jaw, and injuries to her arm, hand, and leg. (Doc. 36-3 at 69-70.) She was in the hospital for thirty-four weeks. *Id.* at 73.

Defendants contend that the evidence shows that the front of Krisak's tractor-trailer was in the center turning lane, while the rear of the tractor-trailer was in the left lane. (Doc. 47-12 at 5-6.) Krisak declares that he was positioning his tractor-trailer to make a "buttonhook turn" because there was another vehicle stopped beyond the stop-bar on the side road waiting to turn left onto GA-84. *Id.* at 6. Trooper Jerry Taylor with the Georgia State Patrol responded to the scene and investigated the accident. *Id.* at 8. Taylor concluded that the sole contributing factor to the collision was that Plaintiff was "following too closely." *Id.* at 8-9. Taylor supplemented his police report on August 16, 2021, after he was asked to reassess whether Krisak had violated any Georgia driving laws, and Taylor concluded that it was reasonable for Krisak "to make a turn with its trailer in the left lane to keep from traveling on the wrong side of the road on Bypass Road when it turned." (Doc. 33-4.) Therefore, Taylor could not "change any contributing factors" for the collision. *Id.*

However, a witness who was driving on Bypass Road and preparing to turn right onto GA-84 observed Krisak's tractor-trailer as it was preparing to turn left towards the witness on Bypass Road. (Doc. 36-5 at 11:11-12:22.) The witness, Albert Edmonds, testified that he observed the tractor-trailer without a turning signal move from the center turning lane to the left travel lane and stop. *Id.* at 12-13, 46, 50-51, 54-55, 57; Doc. 33-5. After Edmonds turned onto Highway 84, he looked in his rear-view mirror and observed Plaintiff's car under the rear of the trailer. (Doc. 33-5.)

## IV.   **DISCUSSION**

"Because this action is based on diversity, Georgia substantive standards of law must apply." *Wilson v. TASER Int'l, Inc.*, 303 F. App'x 708, 715 (11th Cir. 2008). The following elements are essential to state a negligence claim in Georgia: "(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks

5

of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." *Heston v. Lilly*, 248 Ga. App. 856, 857-58 (2001).

Defendant argues that it is entitled to summary judgment because "Plaintiff has failed to produce a shred of evidence showing Werner's driver, Mr. Krisak, was negligent in any way, nor has she shown that any negligence by Mr. Krisak caused or contributed to Plaintiff's injuries." (Doc. 34 at 12.) Defendant argues that Krisak had to make a buttonhook turn to avoid crossing into the other lane on Bypass Road, and that the turn "was both legal and commonly used in the industry." *Id.* at 15. Defendant contends that the evidence shows that Krisak did not violate any Georgia driving laws, that Krisak was compliant with the Georgia CDL Manual, and that "[t]he cause of the accident was Plaintiff driving over the posted speed limit and not keeping a proper lookout ahead – as she was required to do as a driver on Georgia's roadways." *Id.* at 14-17, 20.

Plaintiff, however, contends that construing the evidence in the light most favorable to Plaintiff, "[a] jury can conclude that the truck driver needlessly caused a hazard which directly impeded the flow of traffic in a way which was unreasonably dangerous and unavoidable to Ms. Handley under the circumstances." (Doc. 47 at 12.) Thus, Plaintiff contends that a jury should determine whether and to what extent any Party was negligent here.

### A. Breach of the Duty of Care

"[C]ommon law imposes a duty on all drivers to exercise ordinary care with regard to other drivers on or users of the highway." *McKissick v. Giroux*, 272 Ga. App. 499, 612 S.E.2d 827, 829 (Ga. Ct. App. 2005) (citing cases). Thus, a clear duty being owed by all drivers, the first question is whether there is evidence from which a reasonable factfinder could conclude that Werner's truck driver breached this duty. But Georgia courts have held that "'the routine issues of negligence cases are generally not susceptible of summary adjudication, and that summary judgment should not be granted in these cases unless the nonexistence of liability is plain, palpable, and indisputable. If reasonable minds can differ on the cause of the injury, the

6

case is not plain, palpable, and indisputable and it should go to the jury.'" *Ga. Dep't of Human Res. v. Bulbalia*, 303 Ga. App. 659, 663, 694 S.E.2d 115, 118 (2010) (citation omitted).

There is evidence in Plaintiff's favor. Edmonds testified that he observed Krisak make maneuvers such that Edmonds "didn't know where [Krisak] was turning." (Doc. 36-5 at 51.) He testified that it looked like Krisak "didn't know where he was" because Edmonds observed the tractor-trailer for about one to two minutes backing up in the center lane and then move into the left driving lane and stop in an attempt to make a "wide turn" which is why Edmonds "assume[s] the girl like thought she had it made." *Id.* at 57-58; Doc. 33-5. Handley also testified that she could not see well in front of the SUV in the right lane and that she thought the tractor-trailer was turning left from the center turning lane, rather than from the left traveling lane where it was "parked". (Doc. 36-3 at 48-53.) Indeed, there appears no dispute that the tractor, or at least the rear of the tractor, was moving slowly and was possibly stopped in the left travel lane at the time of the collision. *See, e.g.*, Doc. 47-1 ¶¶ 18-20; Doc. 33-1 at 3; Doc. 36-4 at 9-11, 52-53, 111-113 (Defendant's accident reconstructionist testifying that the tractor-trailer was traveling as high as 7.4 miler per hour and was "possibly stopped"). Indeed, the accident reconstructionist testified that Edmonds' description of what the tractor-trailer did is possible. *Id.* at 113. Furthermore, the evidence does not clearly establish that the tractor-trailer had on a turning signal or other lights at the time of the collision. *See, e.g.*, Doc. 36-4 at 55-57; Doc. 36-5 at 46.)

In ruling on a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). In doing so, "[t]he nonmovant" should be given the benefit of "every reasonable inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). While Werner argues that it committed no violations of Georgia's traffic laws,[3] a reasonable juror viewing the evidence in the light most favorable to Plaintiff could

---

[3] The absence of a traffic violation by Krisak has not been established as a matter of law. *See, e.g.*, O.C.G.A. § 40-6-184 ("No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation."); O.C.G.A. § 40-6-120(2)(B)(-(C) ("The driver of a vehicle intending to turn left shall approach the turn in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of the turning vehicle. . . . Where there are multiple lanes

7

conclude that Krisak breached a "duty to exercise ordinary care under the circumstances." *Rios v. Norsworthy*, 266 Ga. App. 469, 470, 597 S.E.2d 421, 424 (2004). As Georgia's Supreme Court has held:

> Just how close to a vehicle in the lead a following vehicle ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, or swerves in front of him, just what signals or warnings the driver of a leading vehicle must, in the exercise of due care, give before stopping or slowing up or his intention to do so, may not be laid down in any hard and fast or general rule.

*Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450-51, 224 S.E.2d 25, 25 (1976). "In each case, except when reasonable minds may not differ, what due care required and whether it was exercised is for the jury." *McGarity v. FM Carriers, Inc.*, No. CV410-130, 2012 U.S. Dist. LEXIS 41356, at *34-36 (S.D. Ga. Mar. 26, 2012) ("The cardinal rule of summary judgment procedure is that the court can neither resolve facts nor reconcile the issues, but can only determine if there is an issue.") Werner has cited no case law establishing that summary judgment is appropriate under the circumstances here where genuine material factual issues exist on whether or not Krisak breached a duty of care by slowing down or stopping his trailer in the left travel lane to complete a left turn where a center turning lane was available. *See Harrison v. Jenkins*, 235 Ga. App. 665, 669-70, 510 S.E.2d 345, 349 (1998).

### B. Causation

"The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." *Jackson v. K-Mart Corp.*, 242 Ga. App. 274, 275, 529 S.E.2d 404, 405 (2000) ("[T]he plaintiff 'cannot rest on her pleadings, but rather must point to specific evidence giving rise to a triable issue.'") (citations omitted).

---

of travel in the same direction safe for travel, a vehicle shall not be permitted to make a lane change once the intersection has been entered."); Doc. 33-4 (Trooper Taylor writing that "the wording of the Georgia Law in this area is vague and there is no guidance on what is practical or not."). But Plaintiff has not responded on this issue, so the Court does not address it any further.

8

Here, the evidence viewed in a light most favorable to Plaintiff allows for a reasonable conclusion that Krisak's conduct was a cause of the collision. The testimony of Edmonds and Handley cited above could reasonably allow one to conclude that Werner's truck driver caused the collision. Werner argues that the collision would have occurred regardless of whether Krisak was stopped or going the speed limit in the left travel lane and that "where an event would have occurred even in the absence of the defendant's negligence, that negligence, as a matter of law, cannot be a cause in fact of the event." (Doc. 34 at 18) (citing *Redmon v. Daniel*, 335 Ga.App. 159, 164, 779 S.E.2d 778 (2015)). As an initial matter, Werner's arguments are not evidence, and the record evidence does not establish that the accident would have occurred even if Defendant's driver was going the speed limit in the left travel lane or if Defendant's driver was using braking or turning lights.[4] Moreover, Plaintiff argues that Taylor and O'Toole testified that a driver in Krisak's role should have moved his tractor-trailer entirely into the center turning lane, and Plaintiff argues that the accident would not have occurred if he had done so. (Doc. 47 at 4, 6, 12.) A reasonable factfinder could agree with Plaintiff's view that it would have been a reasonable exercise of ordinary care for Krisak to move his tractor-trailer entirely into the center turning lane and wait until it was safe to make his left turn. *See*, *e.g.*, *Harrison*, 510 S.E.2d at 349 (reversing directed verdict for a driver who slowed down and then "came to a complete or almost complete stop allegedly without any signal at a time and place where traffic was 'bad'" because "[i]t is foreseeable that following drivers could become involved in an accident because of the unexpected need to stop and because the following drivers may be driving negligently"); *McGarity v. FM Carriers, Inc.*, No. CV410-130, 2012 U.S. Dist. LEXIS 41356, at *38 (S.D. Ga. Mar. 26, 2012) (finding that a jury should determine, *inter alia*, "whether it was reasonable and prudent for [driver] to park in the emergency lane"); *Amtrak v. H & P, Inc.*, 949 F. Supp. 1556, 1568 (M.D. Ala. 1996) (finding "that [Defendant driver] had a duty to wait until it was safe to cross the track, and that [he] breached that duty by pulling out in front of the approaching Amtrak train when it was obviously not safe to do so").

"Credibility determinations and the weighing of evidence 'are jury functions, not those of a judge.'" *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013). "Longstanding

---

[4] Werner has cited no record evidence that supports this contention.

9

Georgia law provides factfinders freedom to accept or reject evidence as they see fit, particularly expert opinion evidence." *Reynolds Constr. Co. v. Reynolds*, 218 Ga. App. 23, 25-26, 459 S.E.2d 612, 614 (1995). Although the facts could suggest that Handley's negligence was the sole proximate cause of the collision and her injuries, the facts also allow for a reasonable conclusion that Werner's driver's negligent actions caused or contributed to Handley's injuries. That is all that is required to survive summary judgment. "[I]n negligence cases all the trial court needs to know about causation is that the defendant's conduct contributed to the injury. If so, then the case should go to the jury." *McAuley v. Wills*, 251 Ga. 3, 13, 303 S.E.2d 258, 265 (1983) (citation omitted).

Whether Plaintiff was contributorily negligence is also a question of fact here. *See Rios*, 597 S.E.2d at 425 ("[W]here a driver rightfully using the road and exercising ordinary care fails to discover and avoid the dangerous consequences of another driver's unexpected traffic violation, he is not negligent merely because he would have discovered and avoided those consequences if he had employed a heightened degree of care."). The Court cannot find as a matter of law that Plaintiff failed to exercise ordinary care viewing the facts in a light most favorable to Plaintiff; thus, this question must also go to a jury.

Finally, Handley's testimony could lead a reasonable factfinder to conclude that she sustained significant injuries as a result of this collision. (Doc. 36-3 at 66-85). Thus, there is also a genuine material issue of fact as to whether Plaintiff sustained damages as a result of Defendant's negligence. *See Safeway Ins. Co. v. Hanks*, 323 Ga. App. 728, 729, 747 S.E.2d 890, 891 (2013) ("A back injury resulting from a car accident does not raise a medical question requiring expert testimony on causation."); *Jordan v. Smoot*, 191 Ga. App. 74, 74-7, 380 S.E.2d 714 (1989) (the cause of head and neck pain suffered from a car accident "is a matter which jurors must be credited with knowing by reason of common knowledge") (emphasis omitted).

## CONCLUSION

Accordingly, because Plaintiff has established a genuine issue of material fact as to whether Defendant breached a duty owed and caused or contributed to her injuries, Defendant's Motion for Summary Judgment (Doc. 33) is **DENIED**. This case will be noticed for trial separately.

10

Plaintiff has also filed a "Motion for Oral Hearing," asking for a hearing on Defendant's Motion for Summary Judgment "and all other pending motions." (Doc. 81.) Because the Court was able to resolve Defendant's Motion for Summary Judgment on the briefs and record and finds that a hearing was not warranted, Plaintiff's Motion for Hearing (Doc. 81) is **DENIED-IN-PART**. As the Court addresses the other pending motions (Docs. 40, 42, 44), the Court will determine if a hearing should be set.[5]

**SO ORDERED**, this 17th day of March 2022.

                                                   **/s/ W. Louis Sands**
                                                   **W. LOUIS SANDS, SR. JUDGE**
                                                   **UNITED STATES DISTRICT COURT**

---

[5] The Court further notes that it has resolved the summary judgment motion without reference to the disputed potential expert witnesses as those witnesses' testimony was not essential to adjudication of the instant motion.