IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEXIE HANDLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 7:20-CV-00235 (WLS) |
| | : |
| WERNER ENTERPRISES, INC., | : |
| | : |
| Defendant. | : |

**ORDER**

Before the Court is Plaintiff's "Motion to Exclude Purported Expert Testimony of Gregory Freemyer." (Doc. 44.)

**I.    BACKGROUND**

Plaintiff Lexie Handley initially filed this action in Clinch County Superior Court on October 9, 2020. (Doc. 1-2.) Defendants[1] removed this action to this Court on November 13, 2020 based on diversity jurisdiction. (Doc. 1.) Plaintiff alleges that she was severely injured in an automobile accident that occurred on September 20, 2019. (Doc. 1-2 ¶ 1.) Specifically, Plaintiff alleges that a tractor-trailer belonging to Defendant Werner Enterprises, Inc. ("Werner") improperly stopped on a highway, which caused Plaintiff's automobile to collide with Werner's truck. *Id*. ¶¶ 7-9; (Doc. 36-3 at 50-51.) She seeks damages for medical and hospital bills, lost wages, pain and suffering, and permanent impairment. (Doc. 1 ¶ 10.)

After discovery closed, several motions were filed by the Parties. (Docs. 33, 39, 40, 42, 43, 44, 46.) The only remaining motion is Plaintiff's present motion to exclude the testimony of Gregory Freemyer on the grounds that he is unqualified and his testimony is unreliable. (Doc. 44.) Defendant timely responded (Doc. 54), and Plaintiff timely replied (Doc. 68). Accordingly, the motion is ripe for review.

---

[1] ACE American Ins. Co. ("ACE") was named as a Defendant in this case, but the Court has recently granted ACE's Motion for Summary Judgment as ACE is not a proper party in this suit. (*See* Doc. 76.)

1

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Evidence 702 allows a qualified witness to testify in the form of an expert opinion if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

In other words, "[e]xpert opinion is admissible under the Federal Rules of Evidence so long as the opinion is reliable, relevant, and helpful to the fact finder." *Hendrix v. Evenflo Co.*, 255 F.R.D. 568, 577-78 (N.D. Fla. 2009). It is the trial court's responsibility to act as the gatekeeper of expert evidence and ensure that "speculative, unreliable opinions do not reach the jury." *Id.* (citing *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579, 592-93 (1993)). The trial court must "'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *Kumho Tire*, 526 U.S. at 152). The burden of establishing qualification, reliability, and helpfulness rests with the proponent of the expert opinion. *Id.* (11th Cir. 2004).

But "expert testimony that does not meet all or most of the Daubert factors may sometimes be admissible." *U.S. v. Brown*, 415 F.3d 1257, 1268 (11th Cir. 2005). And "[f]or nonscientific expert testimony," trial judges are afforded "considerable leeway" in choosing how to analyze whether the testimony is reliable. *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1338 (11th Cir. 2009) ("A district court may decide," for instance, "that nonscientific expert testimony is reliable based [on the judge's own] personal knowledge or experience.") (citation omitted).

### B. Qualifications

Defendant retained Freemyer "to obtain and analyze data contained on Plaintiff's mobile device." (Doc. 54-1 at 2.) Freemyer's affidavit states that he led a team in receiving and attempting to conduct forensic collection and analysis on Plaintiff's phone, but the phone "was found to be in a severely damaged state." (Doc. 54-1 at 55 ¶ 7.) Freemyer declares that the phone was bent, some internal components were bent, and some of the external parts of the phone were shattered with pieces missing. *Id.* He declares that "the iPhone was too damaged to power on" and that the screen was so damaged that the PIN number could not have been entered on it. *Id.* at 56 ¶8. As a result, he sought assistance from a company that specializes in damaged iPhones that offered suggested methods for gaining access to the contends of the iPhone. *Id.* ¶ 9. Freemyer also testified the other company was able to repair the phone's circuit board and install a new screen, but that company has still been unable to access the contents of the phone because the PIN numbers provided by Plaintiff did not work and the phone will permanently lock after a certain number of attempts. (*See* Doc. 54 at 2.) This is the summary of Freemyer's expected testimony that Plaintiff seeks to exclude.

Plaintiff makes various allegations against Freemyer in her brief, but the most relevant are that Freemyer is not qualified because he: has never testified in a case involving an iPhone 8, has minimal personal experience working with damaged iPhones, has not authored texts in this particular field, has not consulted publications in this field or reviewed any documents in this case, has taken very little related courses in the last decade, and that because of his unfamiliarity with the damaged iPhone, he asked a consultant whose qualifications he is unaware of to assist him in accessing the phone's contents. (Doc. 44 at 5-8.) Defendant argues that Freemyer is qualified based on his work in electronic forensics since 2001, his role as Director of Forensics and Disputes at SullivanStrickler, LLC, his almost exclusive work in litigation support since 2010, and that he often uses the commonly used forensic analysis tools for mobile devices and intended to use such a tool in this case. (Doc. 54 at 7.)[2]

Federal Rule of Evidence 702 allows an expert to be qualified "by knowledge, skill, experience, training, or education." But as other courts have found, the inquiry into a witness's

---

[2] As an initial matter, it is not clear that Freemyer's testimony is expert testimony, but Defendant does not make that argument, so the Court will only address the arguments raised by the Parties.

3

qualifications is "not stringent" and "so long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility" *Clena Invs., Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 661 (S.D. Fla. 2012) (alteration and quotation marks omitted)). "The Committee Note to the 2000 Amendments of Rule 702 also explains that '[n]othing in this amendment is intended to suggest that experience alone . . . may not provide a sufficient foundation for expert testimony.'" *Frazier*, 387 F.3d at 1260–61 (alterations in original) (citations omitted). While district courts must conduct an "exacting analysis" in determining whether an opinion is reliable, that standard is too high for determining whether a witness is qualified. *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 852 (11th Cir. 2021). "A witness is *qualified* as an expert if he is the type of person who should be testifying on the matter at hand." *Id.* Furthermore, a witness may be qualified "not because of his familiarity with the product at issue, but because of his familiarity with the analysis he was tasked with performing." *Id.* at 853 (finding doctor qualified based on his knowledge, education, and experience even though he had not used the device at issue); *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1342 (11th Cir. 2003) (finding witness qualified based on his experience in the field and in conducting the relevant analysis, even though he was not familiar with the specific device and conditions at issue).

Here, based on the binding case law, it is clear that Freemyer is qualified to give the proffered testimony based on his knowledge, training, and experience in conducting forensic analysis of electronic and mobile devices. Although he does not have much personal experience working with damaged iPhones, he is not testifying to anything unique to damaged iPhones that is beyond his experience or expertise. Rather, he is summarizing the steps he took to attempt to conduct forensic analysis of Plaintiff's phone and the steps that were ultimately taken by the company that he sent the phone to for repair and further analysis. Thus, based on the nature of the expected testimony and Freemyer's occupation and background, the Court is satisfied that Freemyer is qualified.

### C. Reliability

"An expert opinion is *reliable* if it was arrived at through, among other things, a scientifically valid methodology." *Moore*, 995 F.3d at 852. "With respect to whether an expert's methodology is reliable, [courts] look to a number of factors, including (1) whether the

methodology can be and has been tested, (2) whether the theory or technique has been subjected to peer review, (3) the known or potential rate of error of the methodology employed, and (4) whether the methodology is generally accepted." *Hughes v. Kia Motors Corp.*, 766 F.3d 1317, 1329 (11th Cir. 2014) (citing *Daubert*, 509 U.S. at 593-94.) But "the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire*, 526 U.S. at 141-42.

Plaintiff argues that Freemyer's opinions are unreliable because they are based on his "gut feeling" and professional experience. (Doc. 44 at 12-14.) Specifically, Plaintiff challenges Freemyer's statements during his deposition in which he stated that the iPhone was so bent that it looked like it had been run over by a car or that it was destroyed or run over by the shipping company. *Id.* at 13. Plaintiff takes issue with this because Freemyer did not consider that the phone was crushed during the collision at issue in this case or that there were other ways of inputting PINs into the phone without getting locked out. (Doc. 44 at 13; Doc. 68 at 8-9.) Plaintiff also attaches a declaration dated October 6, 2021, in which Plaintiff writes that her phone was damaged in the collision at issue and that she provided all of the possible PINs that she was aware of. (Doc. 68-1 at 2-3.) She further declares that she was not on her phone at the time of the crash. *Id.* at 3.

Plaintiff's argument hinges on Freemyer opining on the cause of the phone's damage, but Defendant has argued and shown that Freemyer will not be testifying about how the phone was damaged, about the collision at issue, or about damaged iPhones generally. He is merely summarizing the steps he took to attempt to conduct forensic analysis of Plaintiff's phone and the steps that were ultimately taken by the company that he sent the phone to for repair and further analysis. Although Plaintiff believes Freemyer could have taken other steps to attempt to access the phone's contents, Plaintiff's belief does not render Freemyer's methodology of attempting to power on the phone so that he could access its contents unreliable. Fed. R. Evid. 702 Advisory Committee's Note to 2000 Amendments ("The amendment [to the Rules] is broad enough to permit testimony that is the product of competing principles or methods in the same field of expertise."). Freemyer's methodology was straightforward, and he was not

even able to conduct an analysis of the phone because it would not turn on. Under the circumstances here, the Court has no reason to find Freemyer's opinions unreliable because they are essentially based on his and his consultant's personal observations and actions.

"Although 'rulings on admissibility under *Daubert* inherently require the trial court to conduct an exacting analysis of the proffered expert's methodology,' . . . it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech.*, 326 F.3d at 1341. Quite the contrary, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (quoting *Daubert*, 509 U.S. at 596). If Plaintiff wants to highlight the flaws of Freemyer's testimony, she is free to do so at trial.[3]

## CONCLUSION

Accordingly, Plaintiff's Motion to Exclude Gregory Freemyer's Testimony (Doc. 44) is **DENIED**.

**SO ORDERED**, this 1st day of April 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] Plaintiff has not advanced any other arguments as to why Freemyer's testimony should be excluded, so the Court has not addressed herein the excludability or admissibility of Freemyer's testimony on any other grounds. But, for the reasons posited by Defendant, the Court notes that Freemyer's testimony would be helpful and assist the jury as to the facts he is expected to testify to. (Doc. 54 at 10-12.)