IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LEXIE HANDLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-CV-00235 (WLS) |
| | : | |
| WERNER ENTERPRISES, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER

Before the Court are Defendant's Motions to Exclude Robert Beverley and Deputy Greg Morgan. (Docs. 40 & 42.)

## I. BACKGROUND

Plaintiff Lexie Handley initially filed this action in Clinch County Superior Court on October 9, 2020. (Doc. 1-2.) Defendants[1] removed this action to this Court on November 13, 2020 based on diversity jurisdiction. (Doc. 1.) Plaintiff alleges that she was severely injured in an automobile accident that occurred on September 20, 2019. (Doc. 1-2 ¶ 1.) Specifically, Plaintiff alleges that a tractor-trailer being driven by a driver of Defendant Werner Enterprises, Inc. ("Werner") improperly stopped on a highway, which caused Plaintiff's automobile to collide with Werner's truck. *Id.* ¶¶ 7-9; (Doc. 36-3 at 50-51.) She seeks damages for medical and hospital bills, lost wages, pain and suffering, and permanent impairment. (Doc. 1 ¶ 10.)

After discovery closed, several motions were filed by the Parties. (Docs. 33, 39, 40, 42, 43, 44, 46.) Before the Court now are Werner's Motions to Exclude Robert Beverley and Deputy Greg Morgan. (Docs. 40 & 42.) In the first motion, Werner asks that the Court exclude Beverley's testimony "as to the accident, the area where the accident occurred, and the cause of the accident" because Beverley is not qualified to testify as an expert and has not been identified as an expert. (Doc. 40 at 2.) In the second motion, Werner asks that Deputy Morgan

---

[1] ACE American Ins. Co. ("ACE") was named as a Defendant in this case, but the Court has granted ACE's Motion for Summary Judgment as ACE is not a proper party in this suit. (*See* Doc. 76.)

also be prohibited from providing expert testimony because he is not an expert and cannot testify regarding the relevant law. (Doc. 42.) Plaintiff timely responded to both motions asserting that Beverley will provide proper factual testimony and that Deputy Morgan's testimony as a police officer is proper factual and expert testimony. (Docs. 57 & 58.) Werner timely replied (Docs. 66 & 67), and Plaintiff timely filed surreply briefs with leave of court (Docs. 74 & 75). Accordingly, the motions are ripe for review.

## II.    DISCUSSION

### A.  Legal Standard

Federal Rule of Evidence 702 allows a witness to testify in the form of an expert opinion if he is qualified and "so long as the opinion is reliable, relevant, and helpful to the fact finder." *Hendrix v. Evenflo Co.*, 255 F.R.D. 568, 577-78 (N.D. Fla. 2009); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). An expert's opinion is based on "scientific, technical, or other specialized knowledge." Fed.R.Evid. 702(a). It is the trial court's responsibility to act as the gatekeeper of expert evidence and ensure that "speculative, unreliable opinions do not reach the jury." *Id.* (citing *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579, 592-93 (1993)). The trial court must "'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *Kumho Tire*, 526 U.S. at 152). The burden of establishing qualification, reliability, and helpfulness rests with the proponent of the expert opinion. *Id.*

However, a lay witness may give testimony in the form of an opinion as long as the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. Subsection (c) of the rule was added in the year 2000 to "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed.R.Evid. 701 advisory committee's note to 2000 amendments.

**B.  Deputy Greg Morgan**

It has been long-established that "law-enforcement officers [can], under Rule 701, give lay-opinion testimony" if the opinion is "(1) 'relevant to the determination of a fact in issue,' (2) 'rationally based upon the officer's personal perception,' and (3) 'rationally based upon . . . the officer's experience on the police force.'" *United States v. Umbach*, 708 F. App'x 533, 545 (11th Cir. 2017) (quoting *United States v. Myers*, 972 F.2d 1566, 1577-78 (11th Cir. 1992)). In *Myers*, the Circuit Court found it proper to admit a police officer's lay testimony as to the cause of a particular mark on a victim that was based on his personal observation of the mark and his nineteen years of experience as a police officer. *Id.* at 1577. *Myers* was reaffirmed by the Circuit Court in *United States v. Novaton*, 271 F.3d 968 (11th Cir. 2001), where police officers who had not been disclosed as experts were properly permitted to testify as to their understanding of code words in a drug-trafficking case, and again after the 2000 amendments to the Federal Rules of Evidence in *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213 (11th Cir. 2003), in which corporate officers and employees of the appellee company were properly permitted to testify as lay witnesses with particularized knowledge of relevant facts. Thus, it is clear that police officers can properly give lay opinion testimony based on their personal observations and their prior training and experience. *Umbach*, 708 F. App'x at 545.

Here, Plaintiff served a disclosure that it intended to offer Deputy Morgan's testimony that "it is a violation of the rules of the road and a danger to the motoring public at the subject intersection for a tractor-trailer to stop to make a left turn with the trailer stopped or nearly stopped in the fast lane" and that "if the tractor trailer moved out of the center turn lane and stopped with the trailer fully in the fast lane, that would be a violation of the rules of the road and would present a significant and unnecessary danger to others on the road." (Doc. 42-1 at 2.) Werner argues that because Deputy Morgan did not do any investigation into the subject accident and is not an accident reconstructionist, it is improper for him to opine on hypothetical driving violations or violations committed by Werner's driver. (Doc. 42 at 3-8.) Plaintiff argues that Deputy Morgan is not being offered as an accident reconstruction expert but that because he was present on the scene after the collision and is a police officer familiar

with the intersection at issue, he should be allowed to give his helpful and limited factual testimony on which Werner may conduct a cross examination. (Doc. 57.)

Werner has not raised a sufficient reason to exclude Deputy Morgan's testimony at this time. The Circuit Court has repeatedly held that "[a] witness is permitted to deliver a lay opinion testimony based on his professional experiences as long as the testimony is 'rationally based on' those experiences." *Williams*, 865 F.3d at 1341-42 (11th Cir. 2017); *United States v. McLellan*, 958 F.3d 1110, 1114 (11th Cir. 2020) (same). Although Deputy Morgan did not formally investigate this case or write the police report, there is no rule or binding case law that he must have done so to offer lay opinion testimony.

Plaintiff has shown that Deputy Morgan was on the scene after the accident, has years of relevant law enforcement experience, and that he will testify as to his observations and his understanding of the Rules of the Road at the subject intersection. (Doc. 75-1.) "[L]ay opinion of a law-enforcement officer does not 'automatically become[] an expert opinion simply because it involves knowledge that preexisted the investigation in the present case.'" *Williams*, 865 F.3d at 1342. Thus, Plaintiff has met her burden at this stage to show that the testimony should not be completely excluded because it is "not based on any scientific or technical knowledge, but instead on [his] rationally based perceptions." *Williams*, 865 F.3d at 1342 (finding it proper to admit the testimony of several Coast Guard witnesses as to their perception of certain packages based on their past professional experience); *McLellan*, 958 F.3d at 1115 (finding that lay testimony was admissible where an officer "merely offered his view . . . acquired from observations he made as a police officer, and one that did not require any additional specialized skills or training to obtain[]" and that "[t]he jury was free to reject that interpretation"). Furthermore, "to the extent that the witness's opinion lacks a technical [] basis," Werner has "the opportunity to expose this on cross-examination" and Werner's objections "more properly [go] to the weight and not the admissibility of the evidence." *Tampa Bay Shipbuilding*, 320 F.3d at 1221.

It is also not a clearly established rule that a lay witness may never answer a hypothetical question. Generally, lay witness testimony must be based on personal perceptions or observations, and a lay witness cannot answer hypothetical questions or questions about causation that necessarily draw on specialized and technical knowledge rather than

observations. *Umbach*, 708 F. App'x 545; Fed.R.Evid. 701. Indeed, the Circuit Court has stated, in dicta, that "the ability to answer hypothetical questions is 'the essential difference' between expert and lay witnesses." *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (finding it "arguable" that a treating physician's testimony on the cause of injury was not helpful or pertinent to her treatment).[2] However, the Eleventh Circuit has also held that law-enforcement witnesses may offer lay testimony "based upon their particularized knowledge garnered from years of experience within the field." *Tampa Bay Shipbuilding*, 320 F.3d at 1223. In its most recent published opinion on this issue, the Circuit Court held that the district court did not abuse its discretion in admitting the testimony of financial lay witnesses who answered hypothetical questions because their testimony was not based on "any 'scientific, technical or other specialized knowledge,' but instead . . . on their personal experiences." *Hill*, 643 F.3d at 842 (further finding "it does not take any specialized or technical knowledge" to reach the conclusions they reached in answering the hypothetical questions). Thus, for the same reasons, the Court cannot find that the proffered testimony of Deputy Morgan is inadmissible as improper expert testimony.

But "a law enforcement officer may be qualified to provide both lay opinion and expert testimony." *United States v. Feliciano*, 300 F. App'x 795, 801 (11th Cir. 2008). Federal Rule of Evidence 702 allows an expert to be qualified "by knowledge, skill, experience, training, or education." Here, even if Deputy Morgan's proffered testimony is expert opinion, Plaintiff has established that Morgan is qualified and that his opinion is reliable and helpful. Plaintiff filed an Affidavit signed by Deputy Morgan dated December 28, 2021 which states that as part of his job, he has "regularly patrolled the roadway where the subject wreck occurred" and is "accustomed to applying the Rules of the Road to vehicles of all kinds which operate in the area where the crash occurred." (Doc. 75-1 ¶ 2.) Deputy Morgan further states that he has seen tractor-trailers turn left at that intersection from the center lane before and after the crash

---

[2] Although the Circuit Court cited this statement from a Third Circuit case, it was not a binding holding or necessary to resolve the case because the Eleventh Circuit did not find that the witness improperly gave expert testimony, but instead merely found that it was "arguable" that she had done so and that "assuming that the admission of this statement was error," the error was harmless. *Henderson*, 409 F.3d at 1300. As the Tenth Circuit explained, "*Henderson*'s dictum is belied by the Eleventh Circuit's own more recent decision in *Hill*, which . . . did not consider it an abuse of discretion for the district court to allow lay witnesses to 'answer[] hypothetical questions . . . based . . . on their personal experiences.'" *United States v. Powers*, 578 F. App'x 763, 772 (10th Cir. 2014) (quoting *United States v. Hill*, 643 F.3d 807, 842 (11th Cir. 2011)).

in this case and that his opinions are based on his personal knowledge, observations, experience in law enforcement, and having worked this intersection. *Id.* ¶¶ 4-8. Deputy Morgan is, therefore, generally qualified to offer the proffered opinion based on his knowledge and experience. Indeed, "the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 Advisory Committee's Note to 2000 Amendments; *Clena Invs., Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 661 (S.D. Fla. 2012) (stating that inquiry into a witness's qualifications is "not stringent" and that, "so long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility" (alteration and quotation marks omitted)).

Moreover, Werner has filed Trooper Taylor's opinion that Werner's driver committed no driving violations and that Plaintiff's failure to keep a proper lookout was the sole cause of the collision. (Docs. 33-1 & 33-4.) Thus, the opinion of another officer present at the scene as to applicable Rules of the Road and his related observations and opinions would be equally helpful and relevant for trial. "It is well-settled that experienced and qualified law enforcement agents can testify as experts . . . [regarding] operations that jurors might not otherwise understand." *United States v. Delva*, 922 F.3d 1228, 1251 (11th Cir. 2019). While this standard is most often applied in cases involving criminal operations, it can also be applied to driving operations and the Rules of the Road with which a qualified and experienced officer is familiar based on his work. Deputy Morgan's opinion is also reliable because it is a reasonable application of his knowledge and experience to the facts of this case. That one "expert's testimony is reliable, [] does not necessarily mean that contradictory expert testimony is unreliable. The amendment [to the Rules] is broad enough to permit testimony that is the product of competing principles or methods in the same field of expertise." Fed.R.Evid. 702 Advisory Committee's Note to 2000 Amendments.

In sum, the Court cannot find any reason at this time that Deputy Morgan's proffered testimony should be excluded from trial. *See Samples v. Atlanta*, 916 F.2d 1548, 1551 (11th Cir. 1990). Werner can state an appropriate objection or motion at trial based on Deputy Morgan's testimony at that time.

i.       **Voir Dire of Deputy Morgan**

Werner has asked the Court to set a hearing so that it can voir dire Morgan on his qualifications and the basis of his opinions. (Doc. 42 at 1-2.) Depositions are the usual vehicle for questioning a proffered expert witness prior to trial. *See, e.g., Ward v. Carnival Corp.*, No. 17-24628-CV, 2019 U.S. Dist. LEXIS 41022, at *16-17 (S.D. Fla. Mar. 14, 2019) ("We are in no way saying that Plaintiff was *required* to depose [the expert]. But if Plaintiff lacks salient details as to what [the expert] did or did not do in reaching her conclusions, or how the literature supports her findings, it seems to us that this occurred as a result of Plaintiff's own failure to seek the information he claims he now does not possess, and not because the expert's process is somehow lacking."); *Altidor v. Carnival Corp.*, No. 20-CV-21516-COOKE/GOODMAN, 2021 U.S. Dist. LEXIS 139433, at *16 (S.D. Fla. July 27, 2021) ("[M]any of the rhetorical questions presented in Defendant's motion are questions that could (and likely should) have been asked during a deposition."); *cf. Kellner v. NCL (Bah.), Ltd.*, No. 15-23002-CIV, 2016 U.S. Dist. LEXIS 186087, at *2-3 (S.D. Fla. Aug. 17, 2016) ("[C]ourts have fashioned a variety of mechanisms for ensuring the reliability and relevance of expert witness testimony. One such mechanism is, instead of holding a pre-trial *Daubert* hearing, conducting a *voir dire* of the expert witness during trial . . . .").

Here, the discovery period was extended months past the disclosure of Deputy Morgan as an expert witness, and Defendant has not explained why it did not depose, or seek permission to depose, Deputy Morgan during the extended discovery period. Furthermore, Plaintiff has argued in her briefing that Werner asked for permission to depose Deputy Morgan after discovery closed, Plaintiff agreed, and although Werner noticed a deposition of Deputy Morgan, Werner "abruptly cancelled." (Doc. 75 at 2.) This is further reason that the Court finds no reason to set a hearing for Werner to voir dire Deputy Morgan. Werner will not be prejudiced by the Court denying its request now, when Werner chose not to obtain that information earlier. Plaintiff has also filed an Affidavit from Deputy Morgan (Doc. 75-1) which gives Werner more information about Deputy Morgan's qualifications and opinion, and Werner will have the opportunity to voir dire Deputy Morgan at trial if he is offered as an expert. As such, Werner's request for a pretrial hearing to voir dire Deputy Morgan is **DENIED**.

### C.  Robert Beverley

The discovery deadline was extended from July 26, 2021 to September 9, 2021 "for the limited purpose of deposing experts, limited additional fact witnesses, and Werner Enterprises, Inc.'s 30(b)(6) representative." (Doc. 14.) On September 3, 2021, Plaintiff served supplemental discovery responses identifying Robert Beverley as a potential witness "personally familiar with the area where the subject crash occurred having driven that road and made the left turn onto Bypass Road many times before from the center turn lane and having personally witnessed other tractor-trailers making the turn from the center lane." (Doc. 66-1.)

Werner argues that Beverley's opinion should be excluded because (1) if he is a fact witness, he was not disclosed in compliance with the discovery orders and the Federal Rules of Civil Procedure, and (2) he is actually giving expert testimony and he is not a qualified expert. (Docs. 40 & 66.) Plaintiff counters that Beverley's opinion is admissible fact testimony that meets the prongs in Rule 701 and that Werner's motion does not comply with the Court's 21/21/21 Rule. (Docs. 58 & 74.)

### ii.  Exclusion for Failure to Timely Disclose Beverley

Plaintiff does not challenge Werner's assertion that she failed to timely identify Beverley; instead, Plaintiff argues that Werner's motion does not comply with the Court's 21/21/21 Rule, that Werner did not certify a good faith attempt to confer, that Werner was not prejudiced by the disclosure because Werner had time to depose Beverley, and that fairness weighs against exclusion. (Doc. 74.) The Court's initial Discovery and Scheduling Order provides that "all motions made under Rule 37 must be filed **within twenty-one days of the date on which the response(s) was due, or twenty-one days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one days after the close of discovery**, whichever first occurs." (Doc. 6 at 2.) Werner now asks the Court to exclude Beverley's testimony because it does not comply with disclosure obligations of Rule 26, citing Rule 37 as the basis for sanctions. (Doc. 66 at 2-3.)  But Werner's motion is itself an untimely request made beyond the twenty-one-day deadline set out in the Court's discovery order. Thus, it is due to be denied as untimely.

Werner also argues that the Court has "inherent powers" and "broad discretion to make discovery rulings for the purpose of conducting a fair and orderly trial." *Id.* at 5. But

before Werner filed this motion, the Court had already denied one of Werner's prior motion because it "fail[ed] to comply with the Court's strict 21-day deadline for filing Rule 37 motions." (Doc. 38 at 3.) It was Werner's obligation to promptly notify the Court of any discovery violation warranting sanctions under Rule 37; it did not do so here. Therefore, Werner's motion to exclude Beverley because he was not timely disclosed is **DENIED**.

### iii.        Exclusion of Beverley's Testimony on Other Grounds

Werner's primary argument is that Beverley's testimony should be excluded because it is improper expert testimony that Beverley is unqualified to give. (Doc. 40 at 5-6; Doc. 66 at 6-7.) Plaintiff insists that Beverley's testimony is fact testimony, that it is based on his personal observations as a truck driver, and that "Beverley has neither opined on hypothetical questions regarding the wreck nor has he been asked to." (Doc. 58 at 6-7.) Beverley completed an affidavit dated September 1, 2021 in which he declares that he obtained his CDL license at eighteen years old, that he has been a truck driver most of his adult life, and that he has turned left in his tractor-trailer at the subject intersection over many years and seen other tractor-trailers make this turn from the center turn lane. (Doc. 66-1 at 8-9.) Werner replies in its brief that Beverley "has no personal knowledge regarding what the scene looked like or what vehicles were present," and that the only way Beverley can testify as to what Krisak should have done is by way of an expert hypothetical opinion. (Doc. 66 at 6-7.) Werner's argument is unconvincing.

Beverley's testimony is not expert testimony because it is not based on "scientific, technical, or other specialized knowledge." Fed.R.Evid. 702(a). He is testifying to his personal observations and experiences as a professional truck driver at the subject intersection. While most cases addressing lay witness testimony involve witnesses who personally observed the incident, that is not required. There is no binding case law or rule that a lay witness must be an eyewitness to the events at issue. Numerous courts have reached the same conclusion. *See, e.g., Casequin v. CAT 5 Contracting, Inc.*, No. 2:18-cv-588-JLB-MRM, 2021 U.S. Dist. LEXIS 147666, at *7 (M.D. Fla. Aug. 6, 2021) (finding admissible lay witness testimony because it was based on the witness' forty years' of experience in the roofing industry and he was testifying to customs in that industry, rather than what a particular company should do hypothetically, even though he was not involved in the incident at issue); *Shelley v. White*, No. 1:09cv-00662-

WHA-SRW (WO), 2010 U.S. Dist. LEXIS 45590, at *4-5 (M.D. Ala. May 10, 2010) (ruling that a supervisor who did not witness the incident could testify as a lay witness on "subjects on which he has personal knowledge. . . . may be able to testify to the safety policies and procedures of [his company]. . . . [and] might also be allowed to testify, from his experience and knowledge, how safety equipment at the loading dock worked and what would happen with the equipment under various circumstances).

And the Eleventh Circuit has clearly held that "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." *Hill*, 643 F.3d at 841. "[T]he opinion testimony of a business owner or officer about the manner in which that company conducts its business, which is based on particularized knowledge she gained in her position, is properly treated as lay testimony. Admission of that testimony does not require that she be qualified as an expert under Rule 702." *Id.* at 842. Here, too, that a truck driver is testifying about his particularized knowledge in truck driving and his observations as a truck driver does not transform his testimony into expert testimony. Rather, his testimony is rationally based on his perceptions. Fed.R.Evid. 701(a).

Furthermore, Werner has mischaracterized the proffered testimony of Beverley which Plaintiff has limited to Beverley's own truck driving at the subject intersection and his observations of other trucks turning left at the intersection. Nothing about this proffered testimony is inadmissible. Beverley is not opining on hypothetical driving scenarios, testifying to what Krisak should have done, or testifying as to the cause of the collision in this case. And "because the average lay person is not familiar with the operation of a commercial motor vehicle,"[3] Beverley's testimony is helpful to determining a fact in issue. Fed.R.Evid. 701(b); *Heritage Mut. Ins. Co. v. Reck*, 127 F. App'x 194, 199 (6th Cir. 2005) (citation omitted) (agreeing with the district court that a driver "could offer her opinion because it was based on 'common driving'" and "goes beyond merely 'address[ing] matters that were equally within the competence of the jurors to understand and decide.'"). Thus, the Court declines to exclude Beverley's testimony at this time because it is proper lay witness testimony. As with Deputy

---

[3] *Stiefel v. Malone*, No. 4:18-cv-01540-SGC, 2021 U.S. Dist. LEXIS 23552, at *39-40 (N.D. Ala. Feb. 8, 2021).

Morgan, Werner may make an objection or motion at trial if Beverley's testimony ventures into impermissible territory.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motions to Exclude Robert Beverley and Deputy Greg Morgan (Docs. 40 & 42) are **DENIED WITHOUT PREJUDICE**. Defendant is permitted to raise an objection or file a motion based on the nature of the witnesses' actual testimony at trial.

**SO ORDERED**, this 1st day of April 2022.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**