IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LEXIE HANDLEY, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:20-CV-00235 (WLS) |
| WERNER ENTERPRISES, INC., | : | |
| Defendant. | : | |

**ORDER**

Before the Court is Defendant's Motion in Limine (Doc. 98) and Plaintiff's Motion in Limine (Doc. 110).

**I.    BACKGROUND**

Plaintiff Lexie Handley initially filed this action in Clinch County Superior Court on October 9, 2020. (Doc. 1-2.) Defendants[1] removed this action to this Court on November 13, 2020 based on diversity jurisdiction. (Doc. 1.) Plaintiff alleges that she was severely injured in an automobile accident that occurred on September 20, 2019. (Doc. 1-2 ¶ 1.) Specifically, Plaintiff alleges that a tractor-trailer belonging to Defendant Werner Enterprises, Inc. ("Werner") improperly stopped on a highway, which caused Plaintiff's automobile to collide with Werner's truck. *Id.* ¶¶ 7-9; (Doc. 36-3 at 50-51.) She seeks damages for medical and hospital bills, lost wages, pain and suffering, and permanent impairment. (Doc. 1 ¶ 10.)

The Parties filed several motions to exclude the other's witnesses, and Defendant filed a motion for summary judgment, all of which have been resolved. (*See* Docs. 76, 77, 80, 86, 96, 97.) Thereafter, a pretrial conference was held on April 14, 2022, and a jury trial is set to begin in this case on May 23, 2022.

---

[1] ACE American Ins. Co. ("ACE") was named as a Defendant in this case, but the Court has recently granted ACE's Motion for Summary Judgment as ACE is not a proper party in this suit. (*See* Doc. 76.)

1

## II. DISCUSSION

### A. Motions in Limine are Disfavored and Preliminary

As an initial matter, the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of the trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 2:07-cv-16-FtM-99SPC, 2011 U.S. Dist. LEXIS 14521, at *6-7 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). Indeed, because the context at trial often determines the admissibility of evidence, "[i]n limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320, 1325 (11th Cir. 2012) (citing *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.")). And relevance is intentionally a broad concept—"[e]vidence is relevant if it has any tendency to make a [consequential] fact more or less probable than it would be without the evidence." Fed.R.Evid. 401. This means that various types of evidence could potentially be relevant at trial notwithstanding a movant's in limine position. Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information." *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013).

As such, the Court disfavors motions in limine and retains the discretion to change any rulings on evidence made herein based on a party's objections, evidence, or arguments at trial. However, no counsel, party, or witness may reference excluded evidence before counsel first notices the Court and opposing counsel outside of the presence of the jury and obtains the Court's ultimate ruling regarding the same. Counsel shall make proper and timely objections at trial as to any evidence or argument they consider inadmissible.

### B. Resolution of the Motions in Limine

#### 1. Defendant's Motion in Limine

Defendant has filed an omnibus-type motion in limine that largely seeks to exclude broad, vague, and speculative categories of evidence of which the Court cannot predetermine the admissibility. Much of the evidence is entirely hypothetical, as there is no mention of such

2

evidence in the Parties' joint proposed pretrial order. Therefore, in keeping with the real purpose of motions in limine, the Court will resolve the motion only as to those types of evidence that clearly appear to be inadmissible or admissible.

Because the arguments raised are too vague and speculative or incorrect and there are potential grounds that such evidence could be admissible, Defendant's motion in limine is **DENIED WITHOUT PREJUDICE** as to evidence not previously produced or identified in discovery, references that Defendant's driver is held to a professional standard of care, testimony by Plaintiff as to any brain injuries or the cause of her vocational abilities, special damages not previously disclosed, testimony or opinions which contradict evidence of Plaintiff's lack of avoidance, and references to interviews conducted by Defendant's agent.

Defendant has also moved to exclude any reference to or evidence concerning ACE Insurance Company, including during *voir dire*, arguing that such evidence is inadmissible under Federal Rule of Evidence 411. (Doc. 98 at 2.) Plaintiff has responded that it does not intend to present any evidence of Defendant's liability insurance but that the jury should be qualified as to ACE Insurance Company. As stated at the pretrial conference on April 14, 2022, the Court agrees that juror qualification as to Defendant's insurer is appropriate. Otherwise, any evidence or argument concerning ACE Insurance Company is **EXCLUDED**, and Defendant's motion in limine on this issue (Doc. 98 at 2) is **GRANTED** to that extent.

Next, Defendant argues that the Court should exclude any suggestion or evidence by Plaintiff that Defendant's truck driver owed or a higher or professional duty of care, rather than a duty to exercise ordinary care. (Doc. 98 at 2.) Plaintiff argues that Defendant's argument is too broad and that evidence that a driver violated privately established rules is "admissible and illustrative of what might constitute the exercise of ordinary care in a specific situation." (Doc. 108 at 2-3.) The Court agrees that Defendant's position is broad and too speculative to grant at this time. The Court does not know what evidence will be presented and in what context that evidence may be admissible. Furthermore, the Court will instruct the jury on the law and can issue limiting instructions as appropriate. Therefore, Defendant's motion to exclude evidence of a higher standard of care is **DENIED WITHOUT PREJUDICE**.

Finally, Defendant has moved to exclude nine witnesses because they were not disclosed during discovery or in Plaintiff's initial disclosures. (Doc. 98 at 5-6.) Federal Rule of

3

Civil Procedure 37 allows the Court to impose sanctions, including exclusion, on motion for a party's failure to make proper disclosures or to comply with a discovery order. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). "'The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Here, Defendant has filed a motion in limine rather a motion pursuant to Rule 37 but argues that exclusion is appropriate based on Plaintiff's failure to identify the witnesses during the discovery period or in her initial disclosures. (Doc. 98 at 5-6.) Nonetheless, courts apply the same standard for exclusion under a motion in limine as they do for a Rule 37 motion to exclude. *See*, *e.g.*, *Davis v. Green*, No. 1:12-cv-3549-WSD, 2015 U.S. Dist. LEXIS 73714, at *5 (N.D. Ga. June 8, 2015); *Betancourt v. Mangual's Gen. Servs.*, No. 15-24691-Civ, 2017 U.S. Dist. LEXIS 108281, at *11 (S.D. Fla. July 13, 2017).

Plaintiff has responded as to why each witness should not be excluded. (Doc. 108 at 9-16.) First, both Parties appear to agree that Defendant mistakenly moved to exclude Lenora Strickland because Plaintiff identified Strickland in her initial disclosures. (Doc. 115 at 29:1-8; Doc. 108 at 12-13.) Thus, Defendant's motion to exclude Lenora Strickland is **DENIED**.

As to the remaining eight witnesses, Plaintiff asserts that five were identified September 3-9, 2021,[2] two witnesses were disclosed in November 2021, and Plaintiff testified during her deposition that witness Gregory Thompson came to the scene of the crash, such that Defendant suffers no unfair surprise, although Plaintiff does not argue that she ever disclosed Thompson as a witness in writing. (Doc. 108 at 9-16.)

As to witnesses David Swearingen, Betty Handley, Will Joyce, Charlie Stewart, Bud Corbitt, Jason Spikes, and Buddy Raffield, these witnesses were all identified in 2021, and Defendant chose not to file a motion to exclude them within twenty-one days of their disclosure as required by the Court's strictly enforced 21/21/21 Rule. Rather, Defendant waited until the week before the pretrial conference to argue that they should be excluded

---

[2] Discovery closed in this case, for the limited purpose of conducting specific depositions, on September 9, 2021. (Doc. 14.)

4

because they were not timely disclosed. Although Defendant may technically escape the 21/21/21 Rule inasmuch as its motion is not a Rule 37 motion, Rule 37 standards apply, and the Court finds it difficult to find that a Defendant is prejudiced by the inclusion of witnesses who were disclosed four to seven months ago but whom Defendant did not promptly challenge before the Court. Indeed, Plaintiff argues that she disclosed these witnesses upon learning of them, that Defendant was aware of and had previously interviewed David Swearingen and Betty Handley shortly after the collision in this case, and that Defendant rejected Plaintiff's efforts to coordinate depositions of most of these witnesses. (Doc. 108 at 9-16.) Thus, the Court is satisfied that Plaintiff's failure to disclose these witnesses was substantially justified or harmless and that they should not be excluded. *See, e.g.*, *Griffith v. GMC*, 303 F.3d 1276, 1282-83 (11th Cir. 2002); *Mixon v. United States*, 58 F. Supp. 3d 1355, 1365 (M.D. Ga. 2014) (finding failure to disclose harmless where "the importance of the testimony and the lack of prejudice to the Government weigh against exclusion" and "the Government received multiple continuances") (J. Sands); *see also* Doc. 115 at 10-13 (stating that the Court was most interested in knowing whether a witness was disclosed in the last 30-90 days after the Parties had been through an extended discovery period). Thus, Defendant's motion to exclude these witnesses is **DENIED**.

However, Plaintiff makes no argument that she ever disclosed Gregory Thompson in writing nor has she offered any justification for her failure aside from arguing that Plaintiff mentioned his name at her deposition. (Doc. 108 at 16.) All parties have a continuing duty to timely supplement their disclosures in writing (Fed.R.Civ.P. 26(e)(1)), and Plaintiff's failure to disclose Thompson as a witness is neither substantially justified nor harmless at this late hour. Thus, Defendant's motion to exclude Gregory Thompson is **GRANTED**.

### 2. Plaintiff's Motion in Limine

Plaintiff moves to exclude four types of evidence that the Court will address in turn.

First, Plaintiff moves to exclude evidence of her GEICO records, arguing that such evidence violates the collateral source rule, is not relevant, and that any probative value is substantially outweighed by the danger of unfair prejudice. (Doc. 110 at 2-3.) Defendant argues that it may introduce the GEICO records for impeachment purposes and that because impeachment is a proper basis for admission, the records should not be excluded. (Doc. 113

5

at 1.) Generally, the collateral source rule applies in Georgia to prevent evidence of insurance payments from offsetting the damages that the defendants might otherwise owe, but "[w]hen such evidence is admitted on another issue it is proper to charge the jury that collateral benefits shall not reduce damages the tortfeasor is otherwise liable to pay." *Polito v. Holland*, 258 Ga. 54, 56, 365 S.E.2d 273, 274-75 (1988). In other words, "under Georgia law, evidence of collateral benefits is not typically admissible in a personal injury tort case unless that evidence serves a valid evidentiary purpose other than just revealing to the jury those benefits." *ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1298-99 (11th Cir. 2018). "When that occurs and the evidence is admitted, the trial court should instruct the jury about the limited purpose of the evidence and, in particular, remind the jury not to consider the collateral payments to reduce its award of reasonable and necessary medical expenses." *Id.* Here, Defendant has argued that the GEICO records may used for impeachment purposes, and the Court cannot find that the records would be inadmissible on that ground. Although the jury may not need to see all 576 pages of the records, the Court cannot exclude the records altogether at this time without knowing exactly what records may be admitted and in which context. Furthermore, the Court can give an appropriate instruction at trial to cure the prejudicial effect of the records. Therefore, and subject to any specific objections raised at trial, Plaintiff's motion to exclude the GEICO records is **DENIED WITHOUT PREJUDICE**.

Next, Plaintiff moves to exclude references to or evidence of a cooler of closed beer being in her car at the time of the collision, arguing that such evidence is unfairly prejudicial and may confuse or mislead the jury because having a closed pack of beer was not illegal for Plaintiff and is not relevant to the issues in this case. (Doc. 110 at 3-4.) Defendant argues that it does not intend to bring significant attention to the cooler of beer but intends to question Plaintiff about the contents of her vehicle and highlight Plaintiff's credibility issues because she testified to numerous details about the items in her car but at her deposition did not recall that there was beer in her car. (Doc. 113 at 2-4.) Defendant posits that this evidence is relevant and admissible as to Plaintiff's credibility. *Id.*

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

6

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403. No party has pointed the Court to any case law on point, but "[i]n determining if the probative value of [a witness's] testimony is substantially outweighed by the danger of unfair prejudice, the Court must determine whether there is a substantial risk the jury would make factual findings on some improper basis." *Poe v. Sears, Roebuck & Co.*, 1 F. Supp. 2d 1472, 1478 (N.D. Ga. 1998). "Rule 403, however, is an 'extraordinary remedy . . . which should be used sparingly since it permits the trial court to exclude concededly probative evidence.'" *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir. 2004) (citation omitted).

Here, there is some probative value in presenting evidence that Plaintiff did not recall having closed beer in her car at the time of the collision, and there is also a risk that the jury could draw improper inferences from Plaintiff's possession of beer in the car when there is no evidence that her possession of the beer was wrong or unlawful. However, the Court cannot find that the risk of unfair prejudice substantially outweighs the probative value of this testimony for impeachment purposes. Rather, a small mention of beer in context at trial may be minimally prejudicial, especially when combined with evidence that Plaintiff could legally possess beer. Thus, Plaintiff's motion to exclude references to or evidence of the cooler containing beer is **DENIED WITHOUT PREJUDICE**, and any appropriate objections may be made at trial.

Plaintiff also moves to exclude evidence or argument regarding Defendant's inability to access the cell phone Plaintiff was using at the time of the collision. (Doc. 110 at 4-6.) Plaintiff argues that this evidence and argument suggests that Plaintiff is hiding something when Defendant did not try every method it could to access the phone. *Id.* Defendant responds that its expert will testify that after repairing the phone and using the PINs provided by Plaintiff, he has still been unable to access the phone's contents. (Doc. 113 at 4-6.) Defendant argues that the jury is allowed to consider the reasons that the cell phone remains inaccessible and to draw permissible inferences for or against Plaintiff and that Plaintiff's counsel can cross examine the witness about his methodology in accessing the phone. *Id.* The Court agrees with Defendant. Evidence and argument about Defendant's inability to access the phone is relevant and admissible for the reasons explained by Defendant and is not unfairly prejudicial. The jury is free to consider both Defendant's and Plaintiff's evidence concerning

the cell phone and can draw any reasonable inferences therefrom. Thus, Plaintiff's motion to exclude argument or evidence concerning her cell phone is **DENIED WITHOUT PREJUDICE**.

Last, Plaintiff moves to exclude some of the social media screenshots in Defendant's thirty-three-page exhibit, arguing that some of these posts are irrelevant or unfairly prejudicial. (Doc. 110 at 6-7.) Defendant responds that the posts show that Plaintiff resumed normal social activities after the collision and that Defendant may cross examine Plaintiff as to the extent and veracity of her injuries and that Defendant also intends to cross examine Plaintiff about posts that she deleted. (Doc. 113.) The Court has not been provided copies of the social media posts to review and is not aware of any specific images or words used in the post. Thus, the Court cannot grant Plaintiff's motion in limine in a vacuum, and her motion to exclude her social media posts is **DENIED WITHOUT PREJUDICE**.

## CONCLUSION

Accordingly, Defendant's Motion in Limine (Doc. 98) is **GRANTED-IN-PART** as to evidence or argument concerning ACE Insurance Company, except for voir dire purposes, and Gregory Thompson and is **DENIED-IN-PART WITHOUT PREJUDICE** as to all other issues raised therein. Plaintiff's Motion in Limine (Doc. 110) is **DENIED WITHOUT PREJUDICE**. Counsel shall make timely objections or motions at or before trial so that all arguments can be heard and ruled upon in context.

**SO ORDERED**, this 27th day of April 2022.

                                              /s/ W. Louis Sands
                                              **W. LOUIS SANDS, SR. JUDGE**
                                              **UNITED STATES DISTRICT COURT**