IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LEXIE HANDLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-CV-00235 (WLS) |
| | : | |
| WERNER ENTERPRISES, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER

Before the Court is Plaintiff's "Brief Specifying Remaining Pretrial Issues and Consolidated Motion for Miscellaneous Relief." (Doc. 118.)

### I. PROCEDURAL HISTORY

Plaintiff Lexie Handley initially filed this action in Clinch County Superior Court on October 9, 2020. (Doc. 1-2.) Defendants[1] removed this action to this Court on November 13, 2020 based on diversity jurisdiction. (Doc. 1.) Plaintiff alleges that she was severely injured in an automobile accident that occurred on September 20, 2019. (Doc. 1-2 ¶ 1.) Specifically, Plaintiff alleges that a tractor-trailer belonging to Defendant Werner Enterprises, Inc. ("Werner") improperly stopped on a highway, which caused Plaintiff's automobile to collide with Werner's truck. *Id.* ¶¶ 7-9; (Doc. 36-3 at 50-51.) She seeks damages for medical and hospital bills, lost wages, pain and suffering, and permanent impairment. (Doc. 1 ¶ 10.)

The Parties filed several motions to exclude the other's witnesses, and Defendant filed a motion for summary judgment, all of which have been resolved. (*See* Docs. 76, 77, 80, 86, 96, 97.) Thereafter, a pretrial conference was held on April 14, 2022, and a jury trial is set to begin in this case on May 23, 2022.

After the pretrial conference, the Court entered an order resolving the Parties' motions in limine. (Doc. 116.) Thereafter, the Court noted that "[a]t the pretrial conference on

---

[1] ACE American Ins. Co. ("ACE") was named as a Defendant in this case, but the Court has recently granted ACE's Motion for Summary Judgment as ACE is not a proper party in this suit. (*See* Doc. 76.)

Thursday, April 14, 2022, the Parties discussed their objections to the other party's exhibits and deposition testimony, and it appeared that certain of those objections were withdrawn or resolved and that certain exhibits would be modified." (Doc. 117.) Thus, the Court ordered that each Party file a brief "specifying the nature of any remaining issues that should be resolved before the trial in this case . . ." and to file an amended proposed pretrial order. *Id.* In response, on May 9, 2022, Plaintiff filed the instant brief and motion for miscellaneous relief. (Doc. 118.) Defendant responded thereto. (Doc. 121.)[2] Thus, the Court addresses below each argument Plaintiff raises.

## II.   DISCUSSION

### A. Motion to Exclude Freemyer and the Cell Phone Evidence

Plaintiff moves to exclude Defendant's expert witness Gregory Freemyer from trial or, alternatively, to redepose Freemyer and identify a rebuttal witness. (Doc. 118 at 1-6.) Plaintiff argues that Freemyer first expressed at his deposition that there were alternative methods to unlocking Plaintiff's phone without a PIN but that costs were a roadblock. *Id.* at 2. Plaintiff further argues that for the first time at the pretrial conference, Defendant's counsel indicated that Freemyer had performed post-deposition research and determined that it was not possible to perform a bypass to unlock the phone based on the type of phone and its damaged condition. *Id.* at 1-2. Plaintiff argues that Werner's late disclosure of this new information is unfair and violative of the Rules and that the information is false and misleading. *Id.* at 3-5.

The Court finds no reason to grant Plaintiff's request to exclude Freemyer and the cell phone evidence or to allow Plaintiff to identify a rebuttal witness. Freemyer testified at his deposition, in response to Plaintiff's counsel's questions, that there is a company that performs bypasses on cell phones pursuant to a court order or subpoena, but that he has never utilized that bypass system because of the cost. (Doc. 45-1 at 30:5-18, 48:2-10.) Thus, Plaintiff knew as of the deposition on September 10, 2021 that there was a possible alternative to accessing her damaged phone without the PIN, that access could only be obtained pursuant to court order or subpoena, and that such access was expensive and was not pursued by Freemyer in this case. Therefore, a May 9, 2022 motion to exclude Freemyer is terribly late and warrants

---

[2] Defendant also filed an Amended and Supplemental Response (Doc. 125) after the Court's filing deadline and without explanation for its tardiness. As such, the Court has not considered it in resolving the issues herein.

2

no relief when Plaintiff took no actions with regard to this testimony or to secure a rebuttal witness sooner. Indeed, the purpose of a deposition is to ask questions and learn new information.

Furthermore, the Court is unpersuaded that Plaintiff is somehow prejudiced because Freemyer looked into the bypass procedure following his deposition about the procedure and determined that the bypass was not possible based on the nature of the phone. This new information is a minor addition to Freemyer's prior testimony and is consistent with Freemyer's deposition testimony and disclosures concluding that the phone was severely damaged and is inaccessible. Moreover, Plaintiff made no effort to bring any alleged deficiencies, violations, or prejudice to the Court's immediate attention such that it could be remedied sufficiently in advance of trial but instead waited until the Court entered a secondary order allowing the parties to brief any remaining pretrial issues. Plaintiff will have known about Freemyer's post-deposition efforts for more than five weeks by the time trial begins. Under these circumstances, the Court is satisfied that Defendant's failure to promptly supplement its expert report was either substantially justified or harmless and that excluding this evidence is not justified. However, because expert witnesses have a continuing duty to supplement their reports and deposition testimony (Fed.R.Civ.P. 26(e)), Defendant shall provide Plaintiff an appropriate supplement from Freemyer **no later than Friday, May 20, 2022**. Plaintiff's motion to exclude Freemyer and the cell phone evidence is, thus, **GRANTED-IN-PART** and **DENIED-IN-PART** consistent with this Order.

### B. Plaintiff's Prior Wrecks

Plaintiff argues that evidence or testimony about her prior car accidents is irrelevant or "being used as improper character evidence." (Doc. 118 at 6-7.) She argues that such evidence prejudicially suggests that she is an accident-prone driver. *Id.* at 7. Defendant argues that Plaintiff's motion to exclude this evidence is late because she should have but did not include this request in her motion in limine. Defendant is correct. The Notice of Pretrial Conference provides that "[a]ll motions in limine must be filed no later than the time of the pretrial conference." (Doc. 87-2 at 6.) Plaintiff has offered no explanation for her failure to timely raise this issue, and her request is deniable on this ground.

3

Moreover, Defendant argues that this evidence is relevant and admissible on Plaintiff's credibility because Plaintiff testified that her previous 2016 car accident was not completely a serious accident and that she does not have nightmares about the 2016 accident in which she was thrown from the vehicle and taken to the hospital where she was in a wheelchair but that she has nightmares about the instant accident which she does not specifically recall. (Doc. 121 at 4-5.) The Court agrees that Plaintiff's credibility on this issue is relevant. The Court cannot conclude that evidence or testimony about one prior car accident is overly prejudicial as to Plaintiff's accident proneness; rather, it appears that such evidence is admissible for the reasons argued by Defendant. In addition, the Court will give a limiting instruction as appropriate if such evidence is presented at trial for the purposes stated.

Accordingly, Plaintiff's motion to exclude evidence of her prior car accident is **DENIED**.

### C. Defendant's Objections to Albert Edmonds' Deposition Designations

Defendant previously objected to two portions of deposition testimony that Plaintiff seeks to admit at trial: (1) a series of leading questions about what Albert Edmonds observed prior to and during the collision and (2) two "argumentative" questions to Edmonds about whether a truck driver should or would be expected to turn left from the left lane. (Doc. 102 at 1-3.) Plaintiff argues that the leading questions should be permitted because of the difficulty understanding the witness otherwise and that the allegedly argumentative questions are key parts of his testimony about what he observed and perceived. (Doc. 118 at 8-9.)

The Court has reviewed the entire transcript of Albert Edmonds' deposition (Doc. 36-5). The Court also finds portions of the testimony difficult to understand. Based on that factor, coupled with the reality that the leading questions being challenged were not eliciting new, substantive information but were clarifying facts already testified to by the deponent, the Court finds it appropriate to allow this testimony consistent with the entirety of Federal Rule of Evidence 611. Moreover, the jury will be instructed that anything attorneys say is not evidence. Thus, the Court is satisfied that the leading nature of the challenged testimony here can be sufficiently cured and is necessary to enable the jury to understand the witness's testimony.

However, the two "argumentative" questions are indeed asking hypothetical questions about what a truck driver should be expected to do which are improper because of their

4

hypothetical nature for this lay witness, given the entirety of his testimony, and because it is not clear what is being asked or whether the questions are based on what Edmonds observed.

Thus, the questions at page 11, line 8 – page 12, line 15 are **ALLOWED**. The questions at page 84, line 23 – page 85, line 12 are **EXCLUDED**. Plaintiff's counsel is **ORDERED** to redact and edit the specified portions of this testimony prior to presenting it to the jury.

### D. Plaintiff's Proposed Verdict Forms

Plaintiff attached two proposed verdict forms to her brief. (Docs. 118-1 & 118-2.) Defendant argues that these proposals are late and would further confuse the jury and suggest that Plaintiff is entitled to recover from Defendant. (Doc. 121 at 6.) However, the Court ordered the Parties to brief any remaining pretrial issues and to file an amended joint proposed pretrial order. (Doc. 117.) Plaintiff did both and noted in the amended proposed pretrial order that she would be filing alternative proposed jury verdict forms. (Doc. 120 at 19.) Thus, the Court takes no issue with the lateness of these proposed forms. Furthermore, the Court considers both Parties' proposals and objections thereto and will prepare an appropriate jury verdict form for this case.

### CONCLUSION

Accordingly, Plaintiff's "Brief Specifying Remaining Pretrial Issues and Consolidated Motion for Miscellaneous Relief" (Doc. 118) is **GRANTED-IN-PART** and **DENIED-IN-PART** consistent with this Order. Defendant's objections to Edmonds' deposition testimony and the proposed verdict forms are **SUSTAINED-IN-PART** and **OVERRULED-IN-PART** consistent with this Order.

**SO ORDERED**, this 19th day of May 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**