IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **LEXIE HANDLEY,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | CASE NO: 7:20-cv-235 (WLS) |
| : | |
| **WERNER ENTERPRISES, INC.,** : | |
| : | |
| **Defendant.** : | |
| : | |

**ORDER**

This matter is before the Court on Plaintiff Lexie Handley's Motion for Entry of Prejudgment Interest (Doc. 165) ("Motion") filed June 27, 2022. Defendant, Werner Enterprises, Inc. ("Werner") did not filed a response to the Motion. For the following reasons, Handley's Motion is **GRANTED**.

Handley filed this action in Clinch County Superior Court on October 9, 2020, against Werner.[1] (Doc. 1-2.) The action was removed to this Court on November 13, 2020, based on diversity jurisdiction. (Doc. 1.) Handley alleged that she was severely injured in an automobile accident that occurred on September 20, 2019. Handley sought damages for medical and hospital bills, lost wages, pain and suffering, and permanent impairment. (Doc. 1 ¶ 10.)

The trial in this matter lasted four days beginning May 23, 2022. On May 26, 2022, the jury returned a verdict in favor of Handley and on June 17, 2022, the Judgment (Doc. 163) in the amount of $3,600,000 with interest to accrue at 2.34 percent per annum was entered.[2]

---

[1] Werner's insurer, ACE American Insurance Company, was dismissed from this action by Order entered January 1, 2022 (Doc. 76).

[2] The delay in entry of the Judgment was due to Werner's request to brief his motion for mistrial made after the jury returned its verdict.

Handley contends she is entitled to pre-judgment interest under Georgia's Unliquidated Damages Interest Act ("UDIA"). *See* O.C.G.A. § 51-12-14. The UDIA provides in relevant part:

> (a) Where a claimant has given written notice by registered or certified mail or statutory overnight delivery to a person against whom claim is made of a demand for an amount of unliquidated damages in a tort action and the person against whom such claim is made fails to pay such amount within 30 days from the mailing or delivering of the notice, the claimant shall be entitled to receive interest on the amount demanded if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the amount demanded. . . .
>
> (b) Any written notice referred to in subsection (a) of this Code section shall specify that it is being given pursuant to this Code section.

O.C.G.A. § 51-12-14(a), (b). In summary, for a claimant to be entitled to prejudgment interest, the UDIA requires the following:

1. Written notice of the amount of the demand sent to the person against whom the claim is asserted;
2. The notice is sent by registered or certified mail or statutory overnight delivery;
3. The notice specifies that it is being given pursuant to O.C.G.A. § 51-12-14;
4. Person on whom the demand is made, fails to pay the amount of the demand within thirty days from the mailing or delivery date of the notice; and
5. Judgment is rendered in favor of the claimant in an amount not less than the amount demanded.

In her Motion, Handley states that on February 25, 2021, through her counsel, she made a written offer of settlement to Werner in the amount of $2,800,000. The letter was sent by certified mail and informed Werner that the demand was pursuant to O.C.G.A. § 51-12-14. A copy of the letter and certified mail form is attached to the Motion as Exhibit A. In addition, the Declaration of Zachary R. Spouse, counsel for Handley, is included, in which Mr. Sprouse declares under penalty of perjury, that the letter attached as Exhibit A is a true and accurate copy of the letter he sent to Werner's counsel.

In addition, Handley states that Werner did not accept the offer/demand for settlement within thirty days of the date the letter was mailed. As reflected above, the jury returned a verdict in favor of Handley in the amount of $3,600,000.

Based on the above, the Court finds that Handley is entitled to prejudgment interest under the UDIA, and calculated pursuant to the following provision of the UDIA:

> The interest provided for by this Code section shall be at an annual rate equal to the prime rate as published by the Board of Governors of the Federal Reserve System, . . . on the thirtieth day following the date of the mailing of the last written notice plus 3 percent, and shall begin to run from the thirtieth day following the date of the mailing . . . of the written notice until the date of judgment.

O.C.G.A. § 51-12-14(c).

Handley contends that on March 27, 2021 (thirtieth day following the mailing of the Demand Letter on February 25, 2021) the prime rate was 3.25 percent so Handley is entitled to interest at the rate of 6.25 percent per annum.[3] The Judgment was entered on June 17, 2022. The Court agrees with Handley's calculation that the amount of prejudgment interest due to her is $214,315.06, calculated as follows:

- the amount demanded was $2,800,000;
- the daily interest comes out to $479.45 [2,800,000 x 0.0625 / 365 = 479.45];
- there are 447 days from March 27, 2021 to June 17, 2022; and
- the total prejudgment interest is $214,315.06 [479.45 x 447 = 214,315.06].

Accordingly, **IT IS, HEREBY, ORDERED and ADJUDGED**, that:

1. Plaintiff Lexie Handley's Motion for Entry of Prejudgment Interest (Doc. 165) is **GRANTED**.

2. The Judgment (Doc. 163) shall be amended to add $214,315.06 to the amount of the Judgment in favor of the Plaintiff and Judgment entered in favor of Plaintiff shall be amended to a total amount of $3,814,315.06.

**SO ORDERED**, This 7th day of February 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] The Court takes judicial notice that the prime interest rate as published by the Board of Governors of the Federal Reserve System was 3.25 percent from March 16, 2020 until March 17, 2022, at which time it increased to 3.50 percent. *See* https://fred.stlouisfed.org/series/PRIME.