IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **LEXIE HANDLEY,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **WERNER ENTERPRISES, INC.,** : <br> : <br> **Defendant.** : <br> _____ : | **CASE NO: 7:20-cv-235  (WLS)** |

**ORDER**

This matter is before the Court on the Joint Motion to Further Amend the Judgment (Doc. 188) ("Motion") filed February 21, 2023, on behalf of Plaintiff Lexie Handley ("Handley") and Defendant Werner Enterprises, Inc. ("Werner"). In their Motion, the Parties request the Court make certain clarifying amendments to the Amended Judgment (Doc. 181) entered on February 7, 2023. Specifically, Werner requests clarification that post-judgment interest does not accrue on the pre-judgment interest awarded to Handley. Handley does not oppose Werner's request. Handley requests that the judgment also be amended to include the amount of costs she is entitled to recover per the Bill of Costs filed (Doc. 169). Werner does not oppose Handley's request.

The Motion was filed after Defendant Werner filed a Notice of Appeal (Doc. 186) which included appeal of the Amended Judgment that is the subject of the Parties' Motion.[1] "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Therefore, the Court ordered the Parties to provide the authority upon which they rely holding that this Court has jurisdiction to address the proposed amended consent judgment. *See* Order Doc. 189. On February 27, 2023, the Parties filed their Joint Supplement to the Motion (Doc. 190) ("Supplement").

---

[1] On February 20, 2023, Defendant filed a Notice of Appeal (Doc. 186) with respect to (1) the Judgment entered on June 17, 2022 (Doc. 163), (2) the Order on Defendant's Motion for Judgment as a Matter of Law or, in the alternative, Motion for New Trial entered on February 7, 2023 (Doc. 180), and (3) the Amended Judgment entered on February 7, 2023 (Doc. 181).

In the Supplement, the Parties rely on *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713 (11th Cir. 2014) which states:

> *Griggs* was based on the language of an old version of Federal Rule of Appellate Procedure 4, which provided that a notice of appeal filed during the pendency of a Rule 59 motion would have no effect. In 1993, Rule 4(a) was specifically amended in response to *Griggs* and now provides that a notice of appeal filed during the pendency of a Rule 59 motion is simply suspended. The district court retained jurisdiction to consider the Rule 59 motion, and we have jurisdiction because the notice of appeal became effective following the district court's denial of that motion.

*Id.* at 745-46. Federal Rule of Appellate Procedure 4 currently provides:

> If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A) [including a motion to alter or amend judgment under Rule 59]–the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i). The Court agrees that the above authority clearly provides that the Court has authority to resolve a motion to alter or amend judgment that was filed prior to a notice of appeal. However, the Motion here was filed after the Notice of Appeal. Clearly and prudently anticipating the Court's concern over the timing of the Parties' Motion, the Parties contend that their Motion is in effect a Rule 59 motion to alter or amend judgment and since it was filed timely, *i.e.*, within twenty-eight days after entry of the Court's judgment per Fed. R. Civ. P. 59(e), the Court has authority to entertain the Motion. (Doc. 190 at 2-3.)

> A notice of appeal does not . . . diminish a district court's jurisdiction over collateral matters not affecting the questions presented on appeal. And a notice of appeal does not prevent the district court from taking action in furtherance of the appeal. The purpose of these jurisdictional rules is to protect the status of the case as it stands before the Court of Appeals.
>
> The Federal Rules of Appellate Procedure also discuss a district court's jurisdiction when a notice of appeal is filed before a motion for reconsideration. Appellate Rule 4(a)(4) states that if a party files a notice of appeal after the court announces a judgment, but before it disposes of a motion under Federal Rule of Civil Procedure 59 to alter or amend that judgment, then the notice becomes effective only after the court rules on the Rule 59 motion. Fed. R. App. P. 4(a)(4)(B)(i). The advisory comments go on to say "A notice filed before the filing of one of the specified motions . . . is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Fed. R. App. P. 4, 1993 Amendment

2

advisory committee's note. A Rule 59 motion to alter or amend the judgment is "one of the specified motions." *See* Fed. R. App. P. 4(a)(4)(A)(iv).

*Odion v. Google, Inc.*, No. 1:13-CV-03906-SCJ, 2014 WL 12647930, at *1–2 (N.D. Ga. Oct. 31, 2014) (internal quotation marks omitted in first paragraph) (citations omitted in first paragraph) (district court determined it had authority to decide motions for reconsideration that were filed after notice of appeal where such motions were timely filed according to Federal Rules of Civil Procedure), *aff'd*, 628 F. App'x 635 (11th Cir. 2015) (finding Circuit Court lacked jurisdiction to consider post-judgment, post-appeal motions decided by district court where appellant's amended notice of appeal was untimely). *See also Commodores Ent. Corp. v. McClary*, No. 6:14-cv-1335, 2019 WL 13037031, at *2 (M.D. Fla. Apr. 2, 2019) ("[I]n order to prevent unnecessary appellate review, district courts are given express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal has been filed.") (cleaned up).

Having reviewed the Parties' Supplement and conducted its own research, the Court finds that its assertion of jurisdiction over the Parties' Motion to amend the Amended Judgment does not affect the questions presented on appeal, but is in furtherance of the appeal. Further, the Court's exercise of jurisdiction over the Motion is authorized by Fed. R. App. P. 4(a)(4)(B)(i).

Accordingly, **IT IS, HEREBY, ORDERED and ADJUDGED**, that:

1. The Joint Motion to Further Amend the Judgment (Doc. 188) is **GRANTED**.

2. The Amended Judgment (Doc. 181) shall be amended to provide:

Pursuant to the jury verdict dated May 26, 2022, and this Court's Orders dated February 7, 2023 and February 28, 2023, and for the reasons stated therein, JUDGMENT is hereby entered in favor of Plaintiff in the amount of $3,814,315.06, which includes $214,315.06 in prejudgment interest. The principal amount of $3,600,000.00 shall accrue interest from the date of entry of judgment (June 17, 2022) at the rate of 2.34% per annum until paid in full. Plaintiff shall also recover $14,486.11 in costs of this action.

**SO ORDERED**, this 28th day of February 2023.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**